## Gooding *v.* Gooding, Appellant.

*Divorce—Desertion—Evidence—Sufficiency.*

In a libel in divorce on the ground of desertion, a decree of divorce is properly granted, where the evidence established that the respondent had left libellant when she was dissatisfied because of conditions at the home of the latter, which, were not of a serious character, and fell far short of affording a justification for her departure from her husband's domicile.

There was no evidence that the libellant, by cruelty or indignities to her person, forced the respondent to withdraw from his home and family. The evidence proved that the respondent became dissatisfied with the circumstances in which she was required to live and preferred to take up her residence elsewhere. This amounted to wilful and malicious desertion, and the libellant was entitled to a decree.

Argued November 15, 1926. Appeal No. 288, October T., 1926, by respondent from decree of C. P. Chester County, April T., 1925, No. 28, in the case of Sidney Gooding v. Annie Gooding. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Libel in divorce. Before HAUSE, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to H. L. Sproat, Esq., as Master, who recommended that a divorce be granted.

On exceptions to the Master's report, the court dismissed the exceptions and granted a divorce. Respondent appealed.

398, (1926).]    Assignment of Error—Opinion of the Court.

*Error assigned,* among others, was the decree of the court.

*George J. Edwards, Jr.,* and with him *John Hemphill,* for appellant.

*Walter S. Talbot,* for appellee.

OPINION BY HENDERSON, J.,   December 10, 1926:

The cause of action set forth in the libel in this case is desertion. The master reported that the evidence sustained the complaint and recommended a decree in accordance with the prayer of the libel. On a review by the court the recommendation of the master was sustained and the case is now before us on exceptions. The respondent was a resident of the city of New York; the complainant lived on a farm in Chester County; he had been married before and had seven children living with him, the oldest of whom was a daughter twenty-six years of age who kept house for him. The respondent was dissatisfied with some of the conditions in and about the house but they were not of a serious character and fell far short of affording a justification for her departure from her husband's domicile. She doubtless experienced some discomfort in changing from a residence in a city to a farm house occupied not only by her husband but by seven of his children; she was aware, however, of the situation there and should have taken that into consideration before her marriage. There is no evidence whatever that the libellant by cruelty or indignities to her person forced the respondent to withdraw from his home and family. The case is one in which the appellant became dissatisfied with the conditions surrounding her and preferred to take up her residence elsewhere. This amounted to wilful desertion and entitles the libellant to a divorce.

The decree is affirmed and the appeal dismissed at the cost of the appellee.