## Niesen v. Niesen

*Charles W. Eaby,* for libellant.

SCHAEFFER, P. J., May 31, 1946.—Libellant, Lois A. Niesen, seeks a divorce on the ground of desertion. Libellant, now aged 27, was married to respondent, now aged 28, on May 14, 1941. The marital residence of the parties has been in Lancaster City, Pa. On May

19, 1941, respondent was inducted into the United States Army, being a draftee under the Selective Service Law. Respondent was stationed in Alabama until December 1942, when he was transferred to the Aberdeen Proving Grounds in Maryland. On account of its close proximity to Lancaster respondent came home every week-end to the apartment where libellant was then living with her parents which she considered their marital residence. This continued until March 9, 1943, when he left after removing all his clothing, radio and tool chest. Libellant testified that respondent said "he was going home to his mother; he was sick of this. . . . He wasn't coming back to me any more; he was through." All of this happened while respondent was home on a 10-day furlough. He went to the home of his mother and shortly thereafter he returned to the Army and was discharged in September or October 1945. Since the alleged desertion on March 9, 1943, and since his return to civilian life respondent has made no effort to contact his wife, nor to offer her a home, nor to effect a reconciliation. Libellant was obliged to work during her married life. Respondent did not contribute to her support, although she received the compulsory allotment while he was in the Army, but this was discontinued by him when he was promoted to technician 3rd grade on February 1, 1943, which was prior to the alleged date of desertion.

The master in his report recommended that the divorce be refused on the ground "that there was no legal desertion by this respondent from this libellant on March 9, 1943, nor at any time prior to his discharge from military service in September or October, 1945". The master also stated in his report:

"As a matter of law no desertion could arise in this case during the period of respondent's military service and that such period of military service should be excluded in computing the period of desertion. This

respondent's absence under necessity in military service can show no intent to desert."

The master in his report indicated that there was wilful and malicious desertion in this case but that it commenced on the date respondent was discharged from military service and not during his military service.

It has been decided in an action for divorce that where the desertion occurred before respondent was inducted into the military service the duration of such military service may be included in computing the statutory period of two years, if respondent maintained a fixed intention to desert libellant during his military service. Such intent may be evidenced by respondent's statements, his conduct and his repeated refusal when home on furloughs to resume cohabitation: Hutcheson v. Hutcheson, 54 D. & C. 630 (1945). In Shuman v. Shuman, 56 D. & C. 416 (1946), the court said (pp. 417, 420).

"We are of opinion that the period of military service does not automatically drop out of consideration in computing the period of the wilful and malicious desertion and absentation, but that the effect to be given such military service must be considered in connection with all circumstances relevant to the deserter's intent and its persistence. . . .

"When, however, a careful review of the circumstances leaves no doubt of respondent's 'fixed intention to desert, steadfastly maintained to the present time', it would be indeed unreasonable to disregard by arbitrary rule of law the time spent by the wife-deserter in the military service. Under such circumstances, the continuity of the desertion is not necessarily or ipso facto interrupted by the compulsory military service, and the failure of respondent to return is not then as a matter of law attributable to military restraint."

It has been decided also that wilful and malicious desertion as a ground for divorce can arise during the period of military service. In Shortley v. Shortley, 68

Pitts. L. J. 238, Judge Evans of Allegheny County granted a divorce to libellant on the ground of desertion where the parties were married after libellant entered the military service. Respondent refused to accompany libellant to a camp where libellant was located as an officer in the Army and had provided living accommodations for her. While in France he received a letter from her stating that she was through with him forever. Upon his return home she refused to live with him or have any marital relationship with him. In Lodge's Estate, 287 Pa. 184, 188, appears the following quotation from the opinion of Judge Endlich in Bechtel v. Bechtel, 18 Dist. R. 1076:

". . . 'desertion begins with the intent to desert and to make such desertion permanent,' . . . but if a separation which does not so begin can become a desertion by an after-developed purpose, clearly the instant when it becomes a desertion must be marked by something tangible, indicative of supervening intention not originally entertained, and the necessary period of desertion can begin to run only from that time."

Generally the time of military service should be excluded in computing the period of desertion. A mere expressed intention to desert without strong evidence or conduct indicative of desertion is insufficient to warrant a divorce on the ground of desertion. However, in the instant case the parties at the time of the alleged desertion on March 9, 1943, and for three months prior thereto had been practically cohabiting as man and wife over the week-ends while he was in the service. At the time of the desertion he was home on furlough for 10 days when he left her and took his clothing and personal belongings with him. He said at or about that time that he was through with her. He continued his expressed intention to desert by his subsequent conduct. After he was discharged from the service he made no effort to resume marital relations with libellant.

The court finds from the evidence that libellant is the innocent and injured spouse and that respondent's desertion was wilful and malicious and continuous from March 9, 1943, to the present time. Under the clear and uncontradicted facts of this case respondent's military service cannot prevail against the proven desertion of libellant by respondent.

And now, May 31, 1946, the exceptions to the master's report filed by libellant are sustained. Upon payment of costs, duly certified by the prothonotary, the court will, upon motion, enter a decree of divorce from the nuptial bonds of matrimony in this case on the ground of desertion.