## Vos v. Vos

*Reabuck & Villa,* for libellant.

DIEFENDERFER, J., June 30, 1947.—Exceptions were filed to the master's report in the above entitled case, which recommended the dismissal of the libel. After a careful examination of the testimony, the master's report and the exceptions filed thereto, it would appear that the sole question involved in this case is whether or not the desertion took place on January 2, 1944, or whether or not it occurred at a later date.

The master, in a very learned opinion, refused to calculate the two-year period from January 2, 1944. There are a number of circumstances surrounding respondent's leaving on January 2, 1944. Respondent told libellant "he wasn't going to come back any more", and libellant thought he was kidding, and "then when he left that night to catch his bus, he said, 'I'll see you next weekend,' and he never seen me since, and then about two weeks later I was speaking to a sister, and

she said, 'He isn't coming back. He meant that.' " The actions of respondent from that time forward clearly indicated an intent to desert, as no effort was made on any week-end to return to libellant, nor to in any way return on the next week-end as he promised. It would appear, therefore, that his intent to desert dated back to January 2, 1944, and that he actually, at that time, had made up his mind to leave libellant.

The master has found that "respondent has not returned to libellant since January 2, 1944". The court, after reviewing all of the testimony, hereby confirms all of the findings of fact of the master, being numbered 1 to 8, inclusive. The court has examined very closely a number of cases relative to the military service of respondent as to the computation of the period of desertion, especially Mack v. Mack, 32 Del. Co. 246, and Dewell v. Dewell, 69 Pitts. L. J. 384. In the case of Niesen v. Niesen, 57 D. & C. 147, the court entered a decree of divorce on similar facts and sustained the exceptions to a master's report. Respondent in that case also continued his express intention to desert by his subsequent conduct after he was discharged from the service and made no effort to resume marital relations with libellant.

It is true that a mere expression to desert without strong evidence or conduct indicative of desertion is insufficient to warrant a divorce on the ground of desertion. It would appear, however, that a careful review of the circumstances leaves no doubt of respondent's fixed intention to desert, steadfastly maintained to the present time, and it would be, indeed, unreasonable to disregard by arbitrary rule of law the time spent by the wife deserter in the military service. Under such circumstances, the continuity of the desertion is not necessarily or ipso facto interrupted by the compulsory military service and the failure of respondent to return is not then as a matter of law attributable to military restraint.

The intent may be evidenced by respondent's statements, his conduct, and his repeated refusal when home on furlough to visit libellant.

The court is impelled to follow the case of Niesen v. Niesen and finds as a matter of fact that the desertion took place on January 2, 1944.