Smith *v.* Smith, Appellant.

Argued October 6, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*B. Nathaniel Richter,* with him *Richter, Lord & Farage,* for appellant.

*Charles Roisman,* for appellee.

OPINION BY RHODES, P. J., November 12, 1947:

In his libel, libellant charged his wife, the respondent, with wilful and malicious desertion. Respondent has appealed from the decree of the court below granting a divorce to libellant.

The parties were married on April 12, 1940. Libellant was forty years of age, and respondent was twenty-one. At the time of the marriage, they were citizens of the Commonwealth of Pennsylvania, and of the United States. After their marriage, they lived together in Philadelphia until the separation on January 3, 1944. They have continued to reside in Philadelphia. One child, a daughter, was born of the marriage, on December 2, 1941. The child lives with the respondent.

On January 3, 1944, respondent removed the furniture from their home during the absence of libellant, and without any previous indication to him of her intention. She left with their child, without his consent. That morning when libellant went to work their relations seemed to have been unusually cordial. Subsequently respondent sold the furniture which she had removed

without the knowledge or consent of libellant. Libellant testified that he provided respondent with ample funds for household needs, and that the rent of $50 per month was promptly paid. Libellant also testified that he has been at all times ready and willing to resume marital relations, and that he had sought to have his wife return.

Respondent admits that she left their common habitation on January 3, 1944, taking with her their daughter; that she has absented herself from libellant's home for more than two years; that she has never offered to return to it or to resume marital relations; and that she has made no overtures for reconciliation. Cf. *Chasman v. Chasman*, 161 Pa. Superior Ct. 77, 79, 53 A. 2d 876. Respondent does not contend that the separation was consentable; on the contrary, she testified: "I had to leave. . . . Q. Did you want to leave? A. No, I didn't; I didn't want to break my home up." Consequently, to justify her withdrawal there had to be such reasons as would entitle her to a divorce. *Urbaczewski v. Urbaczewski*, 158 Pa. Superior Ct. 614, 45 A. 2d 925; *Bates v. Bates*, 153 Pa. Superior Ct. 133, 33 A. 2d 281. Her explanation does not establish legal justification for her withdrawal from the home which libellant had provided and in which they lived.

Libellant earned between $200 and $300 per month, and respondent concedes that she was able to get along on that sum. Nevertheless, there were arguments over financial matters; and, against the wish of libellant, she insisted upon working during the month of December, 1943, as a cosmetician in a drug store in Philadelphia between the hours of 5:15 p.m. and 11:30 p.m. Their child remained at home largely in the care of respondent's mother. During some of the family arguments, respondent asserts that libellant told her to leave; but she testified: "I didn't pay any attention to it." Unquestionably, there were family quarrels, but, accepting

respondent's own testimony, they were of a petty nature and usually arose over money matters or over the effect of her unusual working hours. Respondent's testimony indicates to us that she was largely responsible for any marital dissension. She left because of her own dissatisfaction, and not because of any conduct on the part of libellant which would justify the separation. Libellant testified that he sought to have respondent return to their home on several occasions. Although respondent made a denial, she testified, however, as follows: "Q. Mrs. Smith, would you be willing to live with your husband again and make an effort to live together as husband and wife? A. No."

Respondent's withdrawal from the common habitation was without a legal cause; it was not consentable; the desertion was wilful and malicious; and respondent had absented herself from the habitation of libellant for and during the term and space of two years, without reasonable cause.

We agree with the master and the court below that libellant is entitled to a divorce on the ground of desertion.

Decree is affirmed.