## Schrock *v.* Schrock, Appellant.

Argued November 12, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Clarence L. Shaver,* with him *Daryle R. Heckman Shaver* and *Shaver & Heckman,* for appellant.

*Leland W. Walker,* for appellee.

OPINION BY FINE, J., March 8, 1948:

Appellee brought this action against his wife for divorce alleging wilful and malicious desertion. The master recommended a divorce and the court below, after dismissing respondent's exceptions, entered a decree granting the prayer of the libel. This decree must be affirmed.

The decisive question is whether appellant who admits that she left the common habitation, has, by competent evidence, established legal justification for her withdrawal. The parties were married December 28, 1939; libellant is thirty-three and respondent thirty-four years of age. The parties kept their marriage a secret for approximately eleven months and continued to live with their respective parents, the appellant at Meyersdale and appellee in Summit Township, Somerset County. Prior to and at the time of marriage, the libellant was a farmer and worked on his father's farm. In November, 1940, the parties decided to establish a home in a vacant eight room house located on the father's farm, referred to in the evidence as the "old farm house", where they resided for about two years when it was decided that the libellant's brother Harry, and his family should occupy that house. The libellant and his wife thereupon agreed to move into a three-room apartment on the farm, built especially for them by the libellant's father. This change was made because brother Harry's family was larger than libellant's. They resided in the apartment for approximately two years during which time various domestic and marital difficulties arose stemming primarily from the fact that respondent was greatly dissatisfied with farm life, and had on many occasions implored her husband to seek more gainful occu-

pation in the city, give up his farming vocation and establish a home in an urban area. Respondent constantly threatened to leave the libellant unless he quit the farm. Libellant deemed it unwise to give up farming, averring that he was not trained for industrial work; that it was not his "line of work"; that farming was amply providing for them financially although perhaps modestly.

In April, 1944, the respondent, without libellant's knowledge or consent, left libellant and returned to her parents' home in Meyersdale and shortly thereafter had all her personal belongings removed there. Respondent had her husband arrested on a nonsupport charge and, after hearing the court suggested that they attempt to adjust their domestic difficulties and effect a reconciliation. Pursuant to the court's suggestion, the parties returned to their apartment on the farm but the reconciliation failed and approximately a week later the respondent again, without libellant's consent and in his absence, withdrew from the marital domicile and returned to the home of her parents. The second desertion occurred on June 18, 1944 and since that time, the parties have not lived together. It is important to note that when the respondent returned to the marital domicile pursuant to the suggestion of the court below, she only took with her some personal belongings wrapped in a turkish towel. This hardly evidenced a sincere intention to effect a bona fide reconciliation. The evidence amply supports the conclusion of the court below that the respondent disliked life on the farm; refused to help libellant in the performance of any farm duties; and seized every opportunity to leave the farm so that she could return to Meyersdale and be with her parents and her family. Although respondent lived near her "in-laws" there is no evidence that they interfered or promoted any misunderstanding as to constitute a factor in respondent's withdrawal. Nor likewise is there any complaint raised regarding the apartment accommoda-

tions provided by the appellee. Admittedly, the accommodations were satisfactory to respondent.

Where a respondent is charged with desertion and defends by alleging a justifiable withdrawal from the common home, the burden of proving this defense is upon the respondent. *Smith v. Smith,* 161 Pa. Superior Ct. 482, 55 A. 2d 434; *Bates v. Bates,* 153 Pa. Superior Ct. 133, 33 A. 2d 281; *Knapp v. Knapp,* 152 Pa. Superior Ct. 412, 33 A. 2d 88; *Urbaczewski v. Urbaczewski,* 158 Pa. Superior Ct. 614, 45 A. 2d 925; *Ussler v. Ussler,* 158 Pa. Superior Ct. 215, 44 A. 2d 526.

After a careful review of the record, and especially the testimony of the respondent and her witnesses, we must conclude that she has utterly failed to establish such reasonable cause or legal justification for her abandonment of the matrimonial domicile as would entitle her to a decree of divorce against the libellant. The underlying cause of the marital troubles which led to respondent's desertion without libellant's consent thereto, is her complete dissatisfaction with farm life and her deep-seated desire to remove her husband from farm life to city environment. All this did not afford any justifiable cause for her withdrawal from the marital domicile. In *Gooding v. Gooding,* 89 Pa. Superior Ct. 398 at page 399, in a situation strikingly similar, this Court pertinently said: "The respondent was dissatisfied with some of the conditions in and about the house but they were not of a serious character and fell far short of affording a justification for her departure from her husband's domicile. She doubtless experienced some discomfort in changing from a residence in a city to a farm house . . . ; she was aware, however, of the situation . . . and should have taken that into consideration before her marriage. There is no evidence whatever that the libellant by cruelty or indignities to her person forced the respondent to withdraw from his home and family. The case is one in which the appellant became dissatisfied with the conditions surrounding her and preferred

to take up her residence elsewhere. This amounted to wilful desertion and entitles the libellant to a divorce".

Respondent's withdrawal from the common habitation was therefore without a legal cause; it was not consentable; the desertion was wilful and malicious; and the respondent has absented herself from the habitation of libellant for and during the term and space of two years, without reasonable cause. We agree with the master and the court below that libellant is entitled to a divorce on the ground of desertion.

Decree affirmed.