Rebar, Appellant, *v.* Rebar.

Argued April 13, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Robert I. Reed,* with him *Smith, Maine & Whitsett,* for appellant.

*Elmer J. Rebar,* appellee, in propria persona, did not appear nor file a brief.

OPINION BY RHODES, P. J., July 15, 1949 :

The wife in this action for divorce filed her libel on May 3, 1948. She charged respondent with willful and malicious desertion. By amendment the date of the desertion was fixed as of April 22, 1946. The libel and subpœna were served personally on respondent in Clearfield County, where the parties resided and where the action was instituted. Respondent did not file an answer and no appearance was entered for him.

The master, after hearing the testimony, recommended that a divorce be granted. The court below rejected the recommendation of the master, and in refusing the divorce stated: "If they remain apart for two years after his [respondent's] release from the Service, one of them may be entitled to a divorce from the other, after two years from a bona fide effort to have the other comply with the marriage obligations."

It is our conclusion, after an independent examination of the record, that libellant satisfactorily established the cause alleged for her action. All the elements of desertion were clearly proved. See *Davis v. Davis,* 156 Pa. Superior Ct. 342, 344, 40 A. 2d 144; *Smith v. Smith,* 161 Pa. Superior Ct. 482, 485, 55 A. 2d 434.

Respondent was in military service at the time of marriage, and he was on furlough at the time of the alleged desertion. But we cannot say as a matter of law that the time of military service of a respondent must under all circumstances be excluded in computing the statutory period of desertion. In the present case the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, c. 888, §205, 54 Stat. 1181, as amended by the Act of October 6, 1942, c. 581, §5, 56 Stat. 770, 50 U. S. C. A. §525, would not necessarily be applicable. In *Reimer v. Reimer,* 160 Pa. Superior Ct. 509, 52 A. 2d 357, we held that the libellant's absence in the military service, in the circumstances, did not toll the beginning or the running of the required statutory period. In *Niesen v. Niesen,* 57 Pa. D. & C. 147, it was held that the period of desertion, under the facts of that case, commenced to run at the time respondent left the common home, regardless of his military service. In *Hutcheson v. Hutcheson,* 54 Pa. D. & C. 630, the duration of respondent's military service was included in computing the statutory period required to entitle libellant to a divorce, respondent having been inducted into the military service within a few days after the alleged desertion took

place. See, also, *Dewell v. Dewell,* 69 P. L. J. 384; *Shortley v. Shortley,* 68 P. L. J. 238; *Shuman v. Shuman,* 56 Pa. D. & C. 416; *Vos v. Vos,* 60 Pa. D. & C. 481.

We recognize that on principles of policy as well as reason military service under certain circumstances should be excluded in computing the period of desertion. See Freedman, Law of Marriage and Divorce in Pennsylvania, Vol. 1, §227, p. 573. But where the initiation and the continuation of respondent's desertion is in no way attributable to military restraint the continuity is not interrupted by his military service. The desertion began with the intent to desert and to make such desertion permanent. *Lodge's Estate,* 287 Pa. 184, 188, 134 A. 472. The continued manifestation of such intent during the period of absence should justly make such period count as desertion.

In actions for divorce on the ground of desertion it is not necessary ordinarily to prove actual malice. "If the desertion is intentional, it is willful. If willful, malicious." *Hedderson v. Hedderson,* 35 Pa. Superior Ct. 629, 631; *Ogram v. Ogram,* 162 Pa. Superior Ct. 266, 268, 57 A. 2d 577. Malice may be inferred from the circumstances, and is presumed where the other elements appear. We think, however, in the present case there was proof of actual malice. Cf. *Leonard v. Leonard,* 67 Pa. Superior Ct. 412.

The parties were married on January 1, 1946, at a time when respondent was home on furlough from service in the United States Navy. Respondent was stationed at the Philadelphia Navy Yard during the period from January 1, 1946, to April 22, 1946, the date of the alleged desertion. At the time of the marriage libellant was living with her parents in Osceola, Clearfield County, and respondent's home was in Houtzdale, Clearfield County. After the ceremony libellant returned to her home, and that remained her habitation. Respondent never offered her any other home, and she continued

to reside with her parents, where their child was born in 1946.

On April 22, 1946, the date of the alleged desertion, respondent, home on furlough, told libellant that he did not intend to live with her or make a separate home or assume any responsibility. She endeavored to persuade him to change his attitude and make their marriage a success. He refused, and said that he did not want to see her again and that she should stay away from his family. After that occasion libellant saw respondent occasionally on the street, but he made no attempt to disprove or retract his declarations. While absent in the service respondent indicated in his letters his intention to desert her. In February, 1946, he wrote to libellant that he was going to reënlist in the Navy, and that "I'll never go to your place again." He further stated "I can get a thirty day leave now but I don't want it." In March, 1946, he wrote her in a similar vein.

While in the service respondent was frequently home on furlough, and thus had ample opportunity to terminate the desertion had he been so inclined. It is significant that libellant sought respondent at his home while on furlough, and asked him to live with her. Her entreaties were ignored. It is true that she sought and obtained the compulsory allotment while he was in the Navy, but beyond this he never furnished any support for his wife and child, and she was obliged to work to support herself and their child. Respondent's continuance in the service was not compulsory; he reënlisted but received a medical discharge in July, 1947. After his discharge from the service, and prior to the institution of this action in May, 1948, respondent did not seek a reconciliation, he continued to completely and deliberately ignore libellant, he did not make any offer to live with her or to provide any support, he avoided all marital responsibility, and he showed no interest in his family. Subsequent to his discharge his actions and

conduct were confirmatory of his previous statements and declarations. Respondent's intent to desert libellant was manifest while he was home on furlough, while he was absent in the service, and after his return to civilian life.

On the facts established in this case it would be unreasonable to consider respondent's failure to return to libellant as attributable in any degree to military restraint or to his military service.

We are of the opinion that libellant is entitled to a divorce on the ground of wilful and malicious desertion.

The decree dismissing the libel is reversed, the libel is reinstated, and the record is remitted to the court below with directions to enter a decree of absolute divorce.