Kerr, Appellant, v. Kerr.

Argued May 3, 1934.

 Before TREXLER,
P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ.

*William J. Graham,* for appellant.

*John E. Winner,* for appellee.

OPINION BY PARKER, J., October 3, 1934:

The libellant in this divorce case charged his wife with cruel and barbarous treatment and indignities to the person. Testimony was taken before a judge in the court below and a divorce was refused. We will confine our discussion to the charge that the wife offered such indignities to the person of an injured and innocent spouse as to render his condition intolerable and life burdensome, as the evidence on behalf of the husband did not approach the weight required to justify a decree in his favor on the first ground alleged and it was not urged upon argument that it did.

The libellant in 1920, when twenty-one years of age, married the respondent, then a widow of the age of thirty-three with three children, two of whom made their homes with the parties after the marriage. There was evidence on the part of the husband, corroborated in several instances by persons outside the

family, that on occasions the wife swore at him and, in fits of anger, used obscene language in referring to him; that she was guilty of disrespect to the mother of the libellant; that she attempted to commit suicide; that she embarrassed him and took their troubles to his employers and business associates; that she worked as a clerk for the purpose of humiliating her husband when it was not necessary; and that she accused him of associating with other women and harlots. While the wife admitted the use of some strong and profane words, she insisted that this rarely occurred and then only when provoked by the conduct of her husband. She was corroborated in her testimony by two sons and several neighbors.

It would unduly extend this opinion to quote the testimony and endeavor to point out the conflicts. As in many actions of this character, this case must be decided upon its own facts. There is not any new law involved, and a solution of the problem depends to a considerable degree upon the credibility of the witnesses.

The evidence with relation to the wife's treatment of the husband's mother was of little weight. The mother disapproved of the marriage apparently because of the difference in their ages and by reason of the fact that the son had married a widow with three children. The mother and daughter-in-law were not congenial, but we are unable to find from the testimony that the fault was more upon the part of the wife than the mother. Mrs. Kerr admitted that she took a bichloride of mercury tablet and stated with reference to that act that she had gone to her husband's place of business to persuade him to return to their home, and he then said: "He didn't know whether he loved me or not, if he didn't he should not be living with me. He said he was going to have

a lot of money some day and didn't want to be bothered, did not want to be bothered with domestic affairs, in fact, would just as soon not be married." In desperation, she took the poison while on her way home, and it was necessary to take her to a hospital for treatment. This was a serious error upon her part, but the conduct of the husband in this respect was not entirely that of an "injured and innocent spouse." He knew that his wife had displayed some jealousy on account of his actions, and his cold rebuff of his wife to some extent provoked her rash act. The respondent denied that by taking employment in a store she intended to humiliate her husband and said that she was only employed for short periods as an extra during a holiday season or when the store was conducting sales, and that she did it in order to furnish clothing for her boys by a former marriage.

The evidence is persuasive that the wife used strong language in speaking of her husband and at times swore at him. While the use of the language attributed to the wife would be condemned by people of good habits and proper conduct, it did not seem to make a deep impression upon him or cause him an unusual amount of embarrassment or grief. His own witnesses admitted that these outbursts did not seem to seriously disturb him.

The lower court and all the members of this court, after an independent and careful examination of the entire record and all the charges, are convinced that the evidence furnished by the libellant is not of that clear and satisfactory nature that is required to support a decree severing the marriage relation. While the findings of a judge in a divorce proceeding are not as conclusive as those of a master in chancery, we have given them the consideration that they are entitled to receive by this court. He heard and saw the witnesses when they testified, an advantage which we

do not enjoy: Rommel v. Rommel, 87 Pa. Superior Ct. 511, 512; Nacrelli v. Nacrelli, 288 Pa. 1, 136 A. 228; Langeland v. Langeland, 108 Pa. Superior Ct. 375, 164 A. 816. It is not an occasional act of which the law speaks in the clause under which this case falls, but of such a course of conduct or continued treatment as renders the spouse's condition intolerable and life burdensome. Divorces should not be easily obtained, for marriage is among the most sacred of human relations and "should never be dissolved without clear proof of imperious reasons...... Indignities provoked by the complaining parties are of course no ground of divorce, unless when the retaliation is excessive": Richards v. Richards, 37 Pa. 225, 228; Conrad v. Conrad, 112 Pa. Superior Ct. 198, 200, 170 A. 342. We are impressed with the fact, as was the court below, that the conduct of the wife was to a considerable degree the result of the actions of the libellant.

It is agreed that a happy home depends not only upon mutual love and affection, but upon mutual forbearance as well. The libellant is to be commended for his diligence and success in business, but we cannot but think that if he had displayed the same industry and tact in his home life that he did in his business, the result would have been different. The wife did not meet the full measure of duty resting upon her, but the failure in this respect was not such that we can find that her conduct, unprovoked by his, rendered his condition intolerable or his life a burden.

The order of the court below refusing the divorce and dismissing the libel is affirmed at the cost of the appellant.