## Miller *v.* Miller, Appellant.

Argued November 16, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Henry Kauffman,* with him *Louis Little,* for appellant.

*David Turets,* for appellee.

OPINION BY ROSS, J., January 17, 1952:

In this divorce case, the defendant wife has appealed from a decree of absolute divorce entered on the ground of indignities. The case was heard by the court without jury.

The parties were married on August 30, 1927 and resided together until December 1949, when the husband withdrew from the home.

Although here we have the usual accusations by the plaintiff in a divorce action of name calling, neglect of family duties, etc., it is clear that the plaintiff withdrew from the home and brought his action in divorce because of the defendant's association with one Mikolajek.

The defendant contends that since the evidence adduced by the plaintiff shows the association between the defendant and Mikolajek to be an "adulterous association", the evidence was inadmissible on a charge of indignities, relying upon *Allen v. Allen,* 165 Pa. Superior Ct. 379, 67 A. 2d 629. It is apparent, however, that appellant's argument was prepared before the case of *Phipps v. Phipps,* 368 Pa. 291, 81 A. 2d 523, was reported. In the *Phipps* case, the Supreme Court, after discussing the *Allen* case, specifically held that evidence of a respondent's adultery is admissible on a charge of indignities, stating further, at page 295: "How far such evidence goes in helping to establish a *course of conduct,* is for the fact-finder to appraise subject, of course, to appellate review for legal sufficiency of the evidence."

For the first 19 years of their married life, the defendant "didn't work outside the home" but then, over plaintiff's objection, went to work for Mikolajek in his hotel and taproom, and continued to work there until after the plaintiff withdrew from the home. Mikolajek's wife (who later divorced him) testified that she found her husband and the defendant "in his bedroom", and so informed the plaintiff. It is significant to note that the defendant did not deny this occurrence. After the plaintiff withdrew from the marital habitation, the association between the defendant and

Mikolajek continued up to the time of the hearing. The plaintiff testified that he saw Mikolajek entering the defendant's house late at night—on many occasions—and leaving in the morning. The defendant, although denying that Mikolajek spent nights at her home, admitted that he took many of his meals there. One of her witnesses, her twenty-two-year-old son, who lived with her, testified that Mikolajek "usually eats at our house . . . about six days a week." There should be no doubt of the nature of the association that has existed —and continues to exist—between the defendant and Mikolajek. This continuity of association together with the name calling and other affronts constitutes the course of conduct necessary to sustain a charge of indignities to the person. Cf. *Smith v. Smith,* 157 Pa. Superior Ct. 582, 43 A. 2d 371.

Basing our independent judgment upon an examination of the record, we can find no reason to disturb the conclusion of the trial judge, who had the usual benefit of seeing and hearing the witnesses, that "the defendant has, by her conduct, evidenced an attitude of settled hate and estrangement from her husband thereby making his condition intolerable and his life burdensome entitling him to a divorce".

Decree affirmed.