## Orme *v.* Orme, Appellant.

Argued November 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*H. Kauffman,* with him *Louis Little,* for appellant.

*Cyril C. Vidra,* with him *Blanche Levy,* for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

The parties to this divorce action were married in 1924, produced five children, and separated in 1933. In 1947 the husband instituted suit for divorce, but the case never came to a hearing. He instituted this action in 1952, alleging indignities and cruelty. The master found the defendant guilty of conduct amounting to indignities and recommended a divorce on that ground. The court below entered a decree in divorce and the defendant wife has appealed.

The evidence of indignities consisted of plaintiff's testimony as to constant nagging, unfounded accusation of affairs with other women, and three instances of physical attacks on him by his wife in which he was scratched and cut on his hand with a knife. He left defendant several times because of her conduct and their arguments, but always returned until he left her permanently in 1933. He also indicated that a source of argument was her alleged friendliness with another man, who was originally plaintiff's friend and who came to visit them frequently. The testimony on this point was so vague and inconclusive as to be worthless, except for testimony that this other man was observed leaving defendant's house at a very late hour

twice during April 1953, twenty years after the separation.

Defendant denied most of her husband's accusations or explained incidents in such a way which, if believed, would constitute a good defense. She made counter accusations that he had run around with other women and bragged about it and had been sporadic and meager in supporting the children to the extent that she had to hail him into court on many occasions. He was confronted with a newspaper picture of himself and another woman designated as his wife, Lillian Orme, and he claimed to have no knowledge of the picture nor any explanation of the identity of the woman. Some of the children, now adults, testified that he had been a poor father, showing little interest in them.

From our independent review of the record we have concluded that the plaintiff has not made out a cause for divorce. Virtually, all his testimony relates to the period prior to the separation in 1933. His testimony is vague in the extreme except in respect to the three incidents in which he claimed to have been injured by her. On the other hand she was corroborated in much of her testimony by the children, who obviously hold their father in low esteem. Plaintiff's testimony relates almost entirely to the period prior to 1933, except for that concerning a man leaving defendant's house twice in 1953, which is certainly not conclusive evidence in itself. In addition to the vigorous denials of defendant and corroboration of the children, the greatest doubt concerning plaintiff's testimony is raised by the fact that he waited 19 years after separation before instituting this suit. His explanation was that he wanted to wait until the children had grown up. This hardly seems persuasive, without the benefit of a father anyhow. We have frequently stated

that a long delay in bringing an action in divorce after a separation casts doubt on the good faith of the plaintiff. *Allen v. Allen,* 165 Pa. Superior Ct. 379, 67 A. 2d 629; *Scott v. Scott,* 135 Pa. Superior Ct. 505, 7 A. 2d 36. This would appear to be a case of a man who seeks to relieve himself of the duty of support by charging incidents occurring over twenty years ago.

Decree reversed.