Diehl *v.* Diehl, Appellant.

Argued December 8, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Alfred M. Nittle*, for appellant.

*William C. Fulmer*, for appellee.

OPINION BY ERVIN, J., March 18, 1959:

This is an appeal from the decree of the court below granting Walter M. Diehl, the husband-appellee, a divorce a.v.m. from Mary A. Diehl, the wife-appellant, on the ground of indignities to the person. The case was originally heard before a master, who recommended a divorce.

The parties were married on August 7, 1953 in Aberdeen, Maryland. Immediately after their marriage they resided in Allentown, Pennsylvania, until July 1, 1954, when they moved to Bethlehem, Northampton County, Pennsylvania, where they resided until March 9, 1955,

when the husband left the matrimonial domicile. The plaintiff was 54 years of age at the time of the hearings and was employed as a clerk at the Bethlehem Steel Company. The wife was 50 years of age at the time of the hearings and had been employed as a secretary in Bethlehem prior to the marriage. Both parties had been married before. There were no children born to the present marriage. The marital difficulties began shortly after the marriage and continued throughout its entirety. The parties remained together one year, seven months and two days.

The master's report, although advisory only, is to be given the fullest consideration as regards the credibility of witnesses, whom he has seen and heard, and in this respect his report should not be lightly disregarded: *Boyer v. Boyer,* 183 Pa. Superior Ct. 260, 263, 130 A. 2d 265.

We have carefully examined the testimony in this case, as is our duty, and have independently concluded that the decree of divorce by the court below should be affirmed.

The husband, by his evidence, corroborated in important details by the testimony of Arlene Kistler, a disinterested witness, and Minnie C. Diehl, mother of the husband, has established a course of conduct by the wife which rendered his life burdensome and his condition intolerable. An inference of settled hate and estrangement on the part of the wife can be drawn from the evidence produced which, in our judgment, entitles the husband to a decree of divorce a.v.m.

The husband's principal complaint is that the wife continuously subjected him to excessive sexual demands and when he was unable to respond she became violently angry and not only physically abused him by striking and scratching him and by throwing objects at him but also verbally abused him by calling him

vile names. The evidence shows that the wife possessed a violent temper and that she exercised it by throwing dishes, breaking window panes, tearing off closet doors, hitting her husband on the head with the heel of her shoe, causing a scar, striking him in the eye with her ring, and making his life generally miserable. The testimony was presented in detail, giving dates, times and occurrences. A lengthy reference to it would serve no useful purpose. The course of conduct caused the husband to become nervous and to lose weight and to lose time from his work. The husband was under the care of Dr. Masonheimer for four or five months and under the care of Dr. Shoemaker for approximately eleven months for prostate gland trouble. Dr. Shoemaker explained plaintiff's condition to the wife and "told her that she should let him alone, for a while." The wife, however, did not follow the doctor's advice but continued her course of ill-treatment. In January or February of 1954 defendant took all of plaintiff's clothes off the hangers and struck plaintiff over the back with such force that the hangers broke into pieces. She also pulled from one of the fixtures in the bathroom a towel bar measuring three-quarters of an inch square and about 18 to 20 inches long and struck plaintiff with it, causing bruises all over his body. In March of 1954 defendant struck plaintiff's left eye with her fist. The ring on her finger injured his eye so severely that plaintiff was compelled to wear a patch over his eye and suffered permanent injury to it. In September 1954 defendant, in a raving temper over their sexual relations, broke the garage window and the kitchen window with her fist. In the fall of 1954, in one of her tempers, defendant hit plaintiff on the top of the head with her shoe, leaving a one inch scar. On a number of occasions when quarrels of a similar nature arose, plaintiff would leave the house and either

go across the street or to his mother's home in order to give defendant time to calm down. The husband was obliged to go to work a number of times with the scratches and bruises plainly evident to his fellow workers. On one occasion when plaintiff went to his mother's home for the night, defendant came there the next day, when another quarrel ensued. Plaintiff's mother wanted to close the door so that the neighbors wouldn't hear the quarrel, whereupon defendant struck plaintiff's mother, causing her to fall and break her wrist.

The testimony also shows that the wife was extremely possessive and jealous of the husband. He had to call her on the telephone every day while he was at work in the morning at ten o'clock, at noon and at two o'clock in the afternoon, and she called him so frequently that the husband's employer warned him to straighten things out with his wife or otherwise he would lose his job.

The defendant denied all of the charges and testified that the arguments arose because of the husband's complaints about the wife's cooking, burning of electric lights unnecessarily and other trivial matters. She presented as witnesses her sister, Esther Hall, and her married daughter, Jacqueline Wessner, but their testimony was of little value to her cause.

Sexual excess, although not endangering life, if it renders the condition of the spouse intolerable and life burdensome, constitutes indignities to the person: *Krug v. Krug*, 22 Pa. Superior Ct. 572, 573, 574; Freedman, Law of Marriage and Divorce, 2d ed., vol. II, p. 718. If the sexual demands endanger the life of the other party, it constitutes cruel and barbarous treatment: *McMahen v. McMahen*, 186 Pa. 485, 491, 40 A. 795; Freedman, Law of Marriage and Divorce, 2d ed., vol. II, p. 674.

The credibility of witnesses is an important matter in this case. The master and the court below decided this question in favor of the husband. After reviewing the testimony carefully, we have reached a similar conclusion.

Decree affirmed.