Gillen *v.* Gillen, Appellant.

Argued March 23, 1961. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Garland D. Cherry,* with him *Louis A. Bloom,* and *Bloom, Cherry & Ramsey,* for appellant.

*Ralph B. D'Iorio,* with him *Hodge, Hodge & Cramp,* for appellee.

OPINION BY MONTGOMERY, J., April 13, 1961:

This is an appeal from the entry of a decree of divorce a.v.m. on the grounds of indignities to the person.

The parties to this action were married November 16, 1933. Two children were born of the marriage. Two years after the marriage, the appellant began to use abusive language toward the plaintiff in private and in public three or four times a week. Such vilification and offensive language continued until the separation. Appellant accused the appellee of having affairs with other women, including his sister-in-law, dating women with whom he was employed, consorting with prostitutes, and sexual perversions. Appellant attacked appellee on numerous occasions about the face, inflicting scratches and lacerations, cut him with a knife, hit him with a hacksaw causing unconsciousness, and threatened him with emasculation.

Appellant frequently would repair to appellee's place of employment and would revile him with abusive and gutter bred language when he would emerge with his friends and co-workers. When appellee bought a new home for his family, appellant constant-

ly abused him for doing so and attempted to destroy any improvements which he made to the property. One evening in November of 1950 when appellee arrived home from work, the doors were locked and the appellant had thrown his clothes out of the house. Appellee was admitted to the house by his children but an argument ensued and the appellee left his home and slept in a car. Appellee then resided elsewhere. Appellee made many efforts to return to the appellant and was always refused. The children, then fifteen and thirteen years of age respectively, remained at home with the appellant.

Nine years after this separation, the appellee commenced this action, alleging indignities. The matter was referred to a master, who filed a report recommending that a divorce be granted. Appellant filed exceptions to the master's report which were dismissed and a decree of divorce was entered by the lower court.

The grounds of indignities to the person only exist where there is a course of conduct on the part of one spouse which renders the condition of the other spouse intolerable and his or her life burdensome, and there must be evidence from which an inference of settled hate and estrangement may be deduced. *Patton v. Patton,* 183 Pa. Superior Ct. 468, 132 A. 2d 915; *Silfies v. Silfies,* 168 Pa. Superior Ct. 421, 79 A. 2d 130.

The master in his report made twenty-five separate findings of fact. The constant verbal abuse and vilification, the incessant accusations of infidelity, the recurrence of physical attacks directed by the appellant at the appellee both privately and publicly without question portray a course of conduct which must have rendered the condition of the appellee intolerable and certainly establishes that the appellant had a feeling of settled hate and estrangement. There can be no question that the course of conduct found as

facts by the master constitutes indignities to the person. While the lower court is not bound by the findings of the master, his appraisal of the testimony is entitled to the fullest consideration, especially where his report represents a searching analysis. *Jablonski v. Jablonski*, 188 Pa. Superior Ct. 337, 146 A. 2d 813. The master has seen and heard the witnesses and his conclusions as to their credibility should not be disregarded lightly. *Boyer v. Boyer*, 183 Pa. Superior Ct. 260, 130 A. 2d 265; *Diehl v. Diehl*, 188 Pa. Superior Ct. 491, 149 A. 2d 133.

The appellee in this case was corroborated in important details by several witnesses and the lower court after reviewing the entire record found the master to have performed an excellent job of analyzing the evidence. We find no reasonable basis for disagreement with this analysis and therefore must conclude that the evidence was sufficient to establish a course of conduct warranting a divorce on the grounds of indignities to the person.

The appellant further alleges that the indignities complained of were largely precipitated and provoked by the appellee. It is well settled that a party may not be granted a divorce where the actions complained of were the foreseeable results of his own provocations unless the retaliation is excessive. *Colin v. Colin*, 181 Pa. Superior Ct. 564, 124 A. 2d 184; *Priest v. Priest*, 162 Pa. Superior Ct. 232, 57 A. 2d 437; *Kerr v. Kerr*, 115 Pa. Superior Ct. 18, 174 A. 820. Appellant contends her conduct was provoked by the appellee's failure to return home at the appointed hour and that appellant did not care for the home which the appellee had purchased. These would seem to be rather trivial reasons for accusations of infidelity and sexual perversion, continual use of vile, offensive and abusive language, and physical attacks with dangerous instrumentalities. Appellee denied

that he made a practice of returning home four or five hours late but admitted on some occasions that he was late because of having to work an extra one or two hours. Appellant was always unwilling to accept any explanation and abuse against him followed no matter what the circumstances were at the time. Her alleged dissatisfaction with their home cannot be accepted as justification of her long course of conduct since they had resided together in it for only a period of three months prior to their separation and, notwithstanding said dissatisfaction, she has remained in the house from the time of separation in November of 1950 until the present. There is certainly no provocation apparent which would justify any indignities on the part of the appellant and, even if these instances were in any way provocative, the retaliation is so overly excessive as to negate any defense or justification of the appellant's conduct.

Finally, the appellant contends that since the complaint in divorce was not filed for nine years after the separation, the action was brought by the appellee for the mere purpose of being freed and separated from the appellant, permitting him to remarry and at the same time terminate an existing court order for his wife's support.

In his report the master found as fact that a meretricious relationship existed between the appellee and a female acquaintance which had commenced in October, 1958. Such relationship occurring long after the right to a divorce had accrued would not be grounds for refusing the divorce. *Kowalchick v. Kowalchick,* 187 Pa. Superior Ct. 201, 144 A. 2d 742; *Clark v. Clark,* 160 Pa. Superior Ct. 562, 52 A. 2d 351. The alleged misconduct of the husband occurred after the separation. The grounds for divorce had fully accrued many years prior to this time and did not provoke the indignities of which she complained.

The fact that the wife had previously obtained a court order for support would not prevent the husband from securing a divorce on the grounds of indignities. *D'Alessandro v. D'Alessandro,* 187 Pa. Superior Ct. 194, 144 A. 2d 445.

It is true that long delay in bringing an action in divorce after a separation casts doubt on the good faith of the party filing the action. *Garroway v. Garroway,* 361 Pa. 464, 65 A. 2d 414; *Orme v. Orme,* 177 Pa. Superior Ct. 209, 110 A. 2d 870. In both these cases, although the time interval was a factor, the decisions are based on a review of all the evidence. In the *Garroway* case, the Supreme Court held that the testimony proved an unhappy marriage and nothing more and that the husband had failed to make out a case by the clear and satisfactory evidence essential to a decree of divorce. In the *Orme* case, this Court concluded that the husband had not made out a cause for divorce since his testimony was vague and inconclusive, whereas the vigorous denials of the wife were corroborated by the children.

In the present case the appellee has clearly made out a cause for divorce on the grounds of indignities. His delay in bringing an action of divorce, although having a direct bearing upon his good faith and motives, does not bar his right to a divorce. The delay does raise the question of whether the action was brought in sincerity and truth for the causes mentioned. As we have stated above, the meretricious relationship can not be grounds for refusing the divorce since it occurred so long after the cause had accrued; and the appellant shows no other reason to doubt the good faith of the appellee.

The decree of the court below is affirmed.

ERVIN, J., took no part in the consideration or decision of this case.