## Campbell *v*. Campbell, Appellant.

Argued December 18, 1964. Before ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., and WOODSIDE, J., absent).

*F. C. Fiechter, Jr.,* for appellant.

*David H. Kubert,* for appellee.

OPINION BY MONTGOMERY, J., March 18, 1965:

This is an appeal from a decree in divorce a.v.m. granted to the husband-appellee on the ground of desertion. The parties were married in 1920, lived together until 1940 and had three children, all of whom were adults at the time of the divorce hearings. The recommendation of the master that the divorce be granted was accepted by the lower court, which entered the decree.

We have reviewed the record, as is our duty in these appeals, and find an abundance of evidence to support the finding that the wife refused to accompany her husband to Philadelphia and to live with him there. Since his right to move there and the bona fides of his offer to his wife to live there with him are not disputed, and with the lapse of sufficient time, this, generally, would entitle him to the decree. *Shore v. Shore,* 201 Pa. Superior Ct. 473, 193 A. 2d 753 (1963). However, the wife contends that she was legally justified in refusing to live in Philadelphia with her husband. The legal sufficiency of her reason is the only issue before us in this appeal.

The only reason asserted by the wife for not living with her husband in Philadelphia that justifies discussion is that while they were living together in New York, on three occasions she found in the clothing of her husband a hotel receipt in the name of Mr. and Mrs. David Campbell indicating that he had stayed there overnight with someone other than herself. She denied she had been with him on these occasions. These receipts were dated in February, 1937, June, 1937, and December, 1937. She testified that she had confronted her husband with them and that he asked to be forgiven and for her to forget them. She further testified, that being a suspicious woman her intuition had told her that he had stayed with another woman. Her testimony is contradictory on this point. At one time she stated that on none of the occasions when she confronted her husband with the receipts did he explain them or tell her "what happened". However, he denied that he had a woman for a companion on such occasions. Nevertheless, the parties continued to live together for almost three years following the date of the last receipt, or from December, 1937, until the middle of September, 1940, and occupied the same bedroom and bed.

It is difficult to refrain from questioning the earnestness of appellant's contention that she had reasonable cause for not living with her husband in Philadelphia when she willingly lived with him for almost three years in New York after the foregoing incidents occurred. It is likewise difficult to accept her contention of estrangement during that period when she and her husband occupied the same bed.

The reasonable or legal cause which is justification for a husband's or wife's quitting or abandoning the other is generally that which would entitle the separating party to a divorce. Acts of adultery not condoned constitute such a cause. However, such acts

cannot be established merely by confessions of the allegedly guilty spouse; there must be corroboration by circumstances or by other evidence. *Stanziola v. Stanziola,* 361 Pa. 209, 64 A. 2d 807 (1949) ; *Shoemaker v. Shoemaker,* 199 Pa. Superior Ct. 61, 184 A. 2d 282 (1962). This record falls short of establishing a confession of adultery. Although adultery need not be established by direct proof, suspicion does not take the place of evidence. *Brower v. Brower,* 157 Pa. Superior Ct. 426, 43 A. 2d 422 (1945). If it did, the evidence is very strong that appellant condoned such acts by continuing to live with appellee in the manner hereto referred to, with such knowledge.

If such alleged indiscretions were to be considered as a ground for divorce on the basis of indignities to the person, the element of continuity would be lacking. These parties lived together for twenty years; these incidents are the only complaints asserted by the appellant. Indignities, to justify a divorce, comprise a continued and persistent course of conduct demonstrating that the love and affection upon which the matrimonial status rests have been permanently replaced by hatred and estrangement. *Pasternak v. Pasternak,* 204 Pa. Superior Ct. 339, 204 A. 2d 290 (1964).

Appellant strongly contends in this appeal that serious doubt is cast on the appellee's good faith because of the long delay in bringing this divorce action. Apparently this is an argument that was not considered in the lower court because the opinion of the court below does not contain reference to laches. Appellant cites, inter alia, *Orme v. Orme,* 177 Pa. Superior Ct. 209, 211, 110 A. 2d 870, 871 (1955), in which Judge BLAIR F. GUNTHER, speaking for the Court, said, ". . . the greatest doubt concerning plaintiff's testimony is raised by the fact that he waited 19 years after separation before instituting this suit. His explanation was that he wanted to wait until the children had

grown up. This hardly seems persuasive, without the benefit of a father anyhow. We have frequently stated that a long delay in bringing an action in divorce after a separation casts doubt on the good faith of the plaintiff. Allen v. Allen, 165 Pa. Superior Ct. 379, 67 A. 2d 629; Scott v. Scott, 135 Pa. Superior Ct. 505, 7 A. 2d 36. This would appear to be a case of a man who seeks to relieve himself of the duty of support by charging incidents occurring over twenty years ago."

Although it is true that long delay in bringing a divorce action casts doubt on the good faith of the plaintiff, it does not bar a decree where the right to a divorce is otherwise clearly established. *Gillen v. Gillen*, 195 Pa. Superior Ct. 60, 169 A. 2d 340 (1961). It only affects the credibility of the plaintiff in the consideration of the finder of the facts. Under the circumstances in this case relating to the facts attendant on the separation of the parties and under our analysis of them above, we think that the delay in bringing the action should not be permitted to upset the decree.

Since the appellant failed to establish a reasonable or legal cause for separating from her husband, appellee is entitled to a decree in divorce.

Decree affirmed.