**Paucker v. Paucker**

*George A. D'Angelo*, for plaintiff.
*Donald O. Hovey*, for defendant.

MONTEMURO, A. J., December 28, 1971.—This case is before us on exceptions filed by wife-defendant to the report of the master recommending that a decree in divorce be entered on the ground of indignities to the person.

This case is very unusual in several respects. Both plaintiff and defendant are persons of high professional attainment. Plaintiff, 47 years old, is a professor and chairman of the department of microbiology at the University of Pennsylvania Medical School. Defendant is 41 years old and is an assistant professor of Spanish at Bryn Mawr College. Defendant has several advance degrees and has written several books.

Although defendant was present at both hearings held before the master and was represented by counsel who vigorously crossexamined plaintiff, she did not testify or offer any evidence. This is not uncommon in other types of civil litigation, but it is highly unusual in a contested divorce case. This makes our task in passing on the master's report much easier, since there is really no question of credibility. Plaintiff was a quite open, candid and straight-forward witness.

Defendant does not question plaintiff's credibility but takes the position that his testimony does not support a decree in divorce on the ground of indignities to the person. We do not agree.

If the only basis for plaintiff's position was the

strain which the respective professional duties of the parties placed upon the structure of the marriage, under the law of Pennsylvania plaintiff could not prevail. However, the close personal attachment of defendant to a Miss Turnbull, also a teacher of Spanish at Bryn Mawr, caused her to completely subordinate her marriage to the activities she carried on with Miss Turnbull. Although there was an extremely close and personal relationship between defendant and Miss Turnbull over a period of four or five years, we wish to make it clear that we make no finding that there was anything immoral or illicit in this relationship. Each summer defendant assisted Miss Turnbull in conducting a school in Spain. Each January, between semesters at Bryn Mawr, defendant and Miss Turnbull travelled to Spain in order to make preparations for the summer school. When Miss Turnbull was hospitalized, defendant spent all her time at the hospital.

Miss Turnbull, from time to time, brought Spanish children to this country. Some of them were housed at the home of plaintiff and defendant. Although plaintiff did not affirmatively protest, defendant never consulted him about either bringing the children in or about her numerous trips to Spain. On some occasions, plaintiff was left to care for the two young children of the parties, even though he was extremely busy with his teaching, research and professional pursuits.

During one summer, plaintiff visited his wife and children in Spain, but defendant slept almost every night at Miss Turnbull's home. She said this was more convenient, because she and Miss Turnbull had to make an early start each morning to travel to their school.

Defendant appears to be a self-willed and rather domineering woman. There was little communication

between her and plaintiff. After her return from Spain one summer, she told plaintiff to leave the home and threw his clothes in a heap at the foot of the stairs. Plaintiff moved into another bedroom in the house. When plaintiff finally told defendant that he could no longer tolerate the situation, she threw dishes at him.

It seems clear that defendant wishes both her penny and her cake. She does not wish to be a wife, but she does not want the marriage to be terminated.

Although each case must be considered on its own facts, we are of the opinion that the course of conduct of defendant exhibits the type of studied neglect and indifference indicating a settled estrangement upon which a decree in divorce on the ground of indignities to the person can be based: Campbell v. Campbell, 205 Pa. Superior Ct. 207; Worobey v. Worobey, 201 Pa. Superior Ct. 41; Darcy v. Darcy, 197 Pa. Superior Ct. 100.

The exceptions to the master's report are dismissed, the master's report is approved and a final decree may issue.