McKee *v.* McKee, Appellant.

Submitted April 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William J. Graham* and *Clyde P. Bailey*, for appellant.

*Samuel M. Rosenzweig,* for appellee.

OPINION BY ROSS, J., July 19, 1946:

In this divorce action the husband sought an absolute divorce on grounds of cruel and barbarous treatment and indignities to the person. The case was heard before a judge without a jury, who, after taking 375 pages of testimony, entered a decree granting the divorce on grounds alleged, and the respondent wife appeals to this court.

The parties were married in 1932, at which time libellant was 44 years of age and respondent 33. The libellant has four daughters by a former marriage, ranging in age from 22 years to 29 years, one of whom lived with the couple until 1939 and the others until 1944. The libel was filed April 2; 1943, while the parties were living together. They continued to live together until January 1944, when the libellant left the premises. An amendment to the libel to bring the charges up to date was filed June 5, 1945.

The libellant testified that his wife threatened him many times with bodily harm; that on several occasions she picked up a knife, chased after him, threatening to stab him; that on one occasion she did stab him, inflicting a wound on the arm, from which he bled profusely and collapsed; that she beat him over the head and smashed his glasses a number of times, on one of which occasions she cut his eye; that once she struck him and broke the little finger on his right hand; that she would throw dishes, knives, flowerpots and other articles at him and that as a result, his health was impaired. His testimony relative to these incidents of cruel and barbarous treatment was corroborated by his three daughters. According to his testimony, corroborated in whole or in part by his three daughters and immediate neigh-

bors of the family, the respondent became addicted to the excessive use of liquor and was intoxicated at least once a week, and while in this condition became abusive of her husband, both in speech and act, and villified him in loud and obscene language in the presence and hearing of others, and accused him in the hearing of others of "being out with women".

If the testimony adduced by the libellant is true, he is clearly entitled to a divorce on both grounds alleged. Cruel and barbarous treatment consists of actual personal violence or a reasonable apprehension thereof, or such a course of treatment as endangers life or health and renders cohabitation unsafe. *Campbell v. Campbell,* 129 Pa. Superior Ct. 106, 112, 194 A. 760. Indignities may consist of vulgarity, unmerited reproach, habitual contumely, studied neglect, intentional incivility, manifest disdain, abusive language, malignant ridicule, and every other plain manifestation of settled hate and estrangement. *Breene v. Breene,* 76 Pa. Superior Ct. 568; *Mathias v. Mathias,* 114 Pa. Superior Ct. 444, 174 A. 821; *Deutsch v. Deutsch,* 141 Pa. Superior Ct. 339, 14 A. 2d 586.

The respondent, in addition to denying that she was guilty of any of the acts of misconduct to which libellant and his witnesses testified, testified that the libellant inflicted bodily injury on her many times, called her vile names in front of the daughters and others, and that the libellant was addicted to the incessant use of liquor. She was corroborated to some extent by her brother and her sisters who, among other things, testified that libellant was "sober only a dozen times in five years", "continuously drunk for the last ten years", "seldom sober", and similar statements. This extravagant testimony is not credible. Libellant had been continuously employed in responsible positions by the same employer, Acheson Manufacturing Company, for the past 24 years and his work record was good. The superintendent of maintenance of libellant's employer testified that he has known

libellant for 22 years, that for the past 10 years he has seen him 25 or 30 times a day and, although in position to do so, never smelled liquor on libellant's breath during that time. Libellant and his daughters denied libellant's use of liquor, use of vile names and physical abuse, and testified further that they had exerted continuous effort to induce respondent to refrain from the use of liquor.

A determination of this case depends upon the credibility of witnesses. If the material testimony on behalf of the libellant is true, that on behalf of the respondent cannot be. From a reading of the record, our independent judgment is that the libellant's testimony presents the true version of the circumstances. We are aided in this conclusion by the testimony of the respondent relative to her three step-daughters, and by the opinion of the learned court below. The respondent testified on cross-examination that she got along very well with the step-daughters, was very friendly with them, that they are "grand girls", "religious girls", and *"honest and truthful girls"*. (Italics supplied.) In his opinion, the trial judge stated, "In determining the credibility of witnesses the trial judge was considerably aided by his observation of their demeanor on the stand. He was particularly impressed by the air of truthfulness of the libellant's three daughters and the immediate neighbors. They were obviously seeking, to the best of their ability, to be accurate in their testimony."

In reference to the consideration to be given by us to the conclusion of the hearing judge, our Supreme Court said, in *Wick v. Wick*, 352 Pa. 25, 27, 28, 42 A. 2d 76, 78, and in *McKrell v. McKrell*, 352 Pa. 173, 179, 42 A. 2d 609, 612: " 'In determining which of the oral evidence to accept and which to reject, we lack the advantage possessed by the trial judge who, for several days, had the parties and witnesses before him, with ample opportunity to observe them during the trial. The findings of fact made by him have not the same

effect on appeal as the verdict of a jury: Esenwein v. Esenwein, 312 Pa. 77, at pages 80 and 81, 167 A. 350. Presumably, a trial judge's opportunity to observe the parties and witnesses during the trial, became the basis of a rule that "When witnesses who are competent and equally interested, flatly contradict each other, the conclusion of the judge who heard them, as to which is to be believed, is not to be lightly disturbed." Krug v. Krug, 22 Pa. Superior Ct. 572, 573; Koontz v. Koontz, 97 Pa. Superior Ct. 70; Dearth v. Dearth, 141 Pa. Superior Ct. 344, 15 A. 2d 37. In accord with that rule, we have at times resolved doubt in dealing with conflicting testimony, by relying on expressed or implied conclusions of the trial judge.' "

We have reviewed the testimony and decided the case on its merits, as we are required to do (*Nacrelli v. Nacrelli*, 288 Pa. 1, 136 A. 228), and it is our opinion that the respondent's conduct was such as to constitute cruel and barbarous treatment and indignities to the person.

Decree affirmed.