Darrall *v.* Darrall, Appellant.

Argued November 12, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Saul Chersky,* for appellant.

*J. Vincent Burke, Jr.,* with him *Campbell, Houck & Thomas,* for appellee.

OPINION BY FINE, J., January 14, 1949:

On September 23, 1947, the husband filed his libel for an absolute divorce on the ground of desertion. An answer was filed admitting the separation but denying the desertion. The case was heard by a judge, sitting

without a jury, who entered a decree in divorce from which the wife appeals contending that: (1) the separation was with the husband's "knowledge, consent and encouragement," and (2) the desertion was not wilful and malicious since she had reasonable cause to leave because of acts of cruelty and indignities on the part of appellee.

William G. Darrall, appellee, and Emma M. Darrall, appellant, were married on September 23, 1923, and for twenty years prior to the date of the alleged separation lived at 347 James Street in Springdale, Allegheny County. In addition to their home on James Street the parties' purchased, in 1942, a lot at the Denny Camp Grounds and built a cottage there. At the time of trial the husband and wife were forty-six and forty-eight years of age respectively. The husband testified that his first knowledge of trouble was on the afternoon of March 26, 1945, about 3:00 p.m. when he was arrested at the place of his employment with the Gulf Oil Company's research laboratories in Harmarville, Pennsylvania, by a constable on a charge of surety of the peace. The information had been lodged against him by his wife three days before. About three hours after his arrest he was released under bond and when he returned to their cottage at the Denny Camp Grounds he discovered that all the furniture except a bed and two chairs had been removed from the cottage. He then went to his home on James Street, and found a similar situation. The parties lived together and shared the marital bed from March 23, 1945, the date appellant filed her information against her husband, until March 26, 1945, when the warrant was served upon appellee at his place of employment. Appellee also testified that a day or so before his arrest he had expected some coal to be delivered to his home and that he had signed a blank check and had delivered it to his wife with instructions to fill in the amount and pay for the coal when it arrived. The appellee discovered later, however, that appellant

filled in the check to her order in the amount of $900.00, cashed it and kept the funds. This sum represented almost the entire balance in the bank standing to the credit of the husband. The next time appellee saw his wife was on March 29, 1945, when he appeared for the hearing on the surety of the peace complaint. At that hearing the wife withdrew her charges upon the promise of appellee "never to bother her again." He never heard from his wife from March 29, 1945, until January 1947, when he was served with a libel in divorce, filed by appellant, charging him with cruel and barbarous treatment and indignities to the person. That divorce action was discontinued shortly thereafter.

A desertion is presumed to be wilful and malicious if done without consent and without sufficient legal cause: *Ogram v. Ogram,* 162 Pa. Superior Ct. 266, 268, 57 A. 2d 577. Appellee has shown a wilful and malicious desertion for the required statutory period of two years and in such circumstances the burden is on the appellant to prove by credible testimony (1) consent to the separation, or (2) a reasonable cause for her separation. *Bates v. Bates,* 153 Pa. Superior Ct. 133, 136, 33 A. 2d 281; *Chasman v. Chasman,* 161 Pa. Superior Ct. 77, 53 A. 2d 876; *Schrock v. Schrock,* 162 Pa. Superior Ct. 362, 57 A. 2d 601; *Ussler v. Ussler,* 158 Pa. Superior Ct. 215, 44 A. 2d 526; *Ogram v. Ogram,* 162 Pa. Superior Ct. 266, 57 A. 2d 577.

Appellant's contention that the separation was consensual is clearly without merit. The appellee's arrest on an information lodged by his wife and her simultaneous leaving their home certainly negatives mutual agreement. Such conduct by the appellant speaks louder and more effectively than her testimony that the parties had discussed the matter of divorce and that the separation was completely agreeable to the husband. This duplicity, as well as the deception revealed by her sharing the marital bed with her husband for the three days intervening between the time of her information and the

date of his arrest, give the key to an accurate evaluation of the testimony of the appellant generally. A thorough examination of the evidence convinces us that the learned court below properly concluded that she has failed to meet the burden of establishing by credible testimony that the separation was with the consent or encouragement of appellee.

Appellant more strenuously urges here that she had reasonable cause to leave the common habitation. As already stated, this defense, like the defense of consentable separation, is an affirmative one and the burden is upon the appellant to establish such defense by satisfactory evidence. To justify her leaving, only such cause as would itself warrant a divorce is a reasonable cause. *Rosa v. Rosa,* 95 Pa. Superior Ct. 415; *Thomas v. Thomas,* 133 Pa. Superior Ct. 12, 1 A. 2d 686; *Chasman v. Chasman,* 161 Pa. Superior Ct. 77, 53 A. 2d 876; *Bates v. Bates,* 153 Pa. Superior Ct. 133, 136, 33 A. 2d 281. Appellant attempts to excuse her conduct on two grounds: (1) appellee's cruel and barbarous treatment, and (2) indignities to her person. Either, if proved, would excuse her, but after a careful examination of the record we conclude that neither is supported by the weight of the evidence. Our study of the record confirms the conclusions reached by the trial judge (who saw and heard the parties) wherein he said: "We were not impressed with the respondent's testimony, nor by her supporting witnesses. In fact, the witnesses she called to corroborate her, supported her in very minor matters. . . . The testimony introduced by respondent to justify her leaving her husband is not persuasive. Many contradictions and exaggerations throughout her testimony cause us to receive it with some doubt as to its accuracy."

The consideration required to be given to the trial judge's conclusions, where he had heard the divorce matter without jury, has been clearly set forth in *Wick v. Wick,* 352 Pa. 25, 42 A. 2d 76, at page 27: "In determining which of the oral evidence to accept and which

to reject, we lack the advantage possessed by the trial judge who . . . had the parties and witnesses before him, with ample opportunity to observe them during the trial. The findings of fact made by him have not the same effect on appeal as the verdict of a jury: Esenwein v. Esenwein, 312 Pa. 77, pages 80 and 81, 167 A. 350. Presumably, a trial judge's opportunity to observe the parties and witnesses during the trial, became the basis of a rule that 'When witnesses who are competent and equally interested, flatly contradict each other, the conclusion of the judge who heard them, as to which is to be believed, is not to be lightly disturbed.' Krug v. Krug, 22 Pa. Superior Ct. 572, 573; Koontz v. Koontz, 97 Pa. Superior Ct. 70; Dearth v. Dearth, 141 Pa. Superior Ct. 344, 15 A. 2d 37. In accord with that rule, we have at times resolved doubt in dealing with conflicting testimony, by relying on expressed or implied conclusions of the trial judge." See *McKrell v. McKrell*, 352 Pa. 173, 179, 42 A. 2d 609; *McKee v. McKee*, 159 Pa. Superior Ct. 233, 236, 48 A. 2d 4; *Othmer v. Othmer*, 158 Pa. Superior Ct. 384, 391, 45 A. 2d 389.

We agree with the trial court's views regarding the credibility of appellant and the ineffectual corroboration afforded by her witnesses. None of them corroborated her in substantial and vital matters. A typical example of appellant's tendency to exaggerate is shown in her testimony as follows: She testified that in April, 1937, she was beaten by the appellee with an iron bar which he wrested from one of the windows of the home where the wife had fastened it and in that attack she received a "fractured skull, broken arm and broken ribs"; on cross examination she admitted that the only injury sustained was a contusion; she was later asked: "Q. When you say you had a fractured skull and broken ribs and broken arm, weren't you exaggerating a little? A. I was not." Moreover, it is significant that the doctor who had treated her was not called by her to corroborate her exaggerated claims. One of the appellee's

witnesses testified that although she saw appellant frequently during this period, she observed no marks nor evidence of any injuries whatsoever. Nine other incidents are related by the appellant which she claims would warrant a decree in her favor on the ground of indignities and thereby prove her leaving the common habitation was justifiable. There is no need here to set forth and analyze each incident. Suffice it to say the record has been examined with great care and we conclude, as did the trial judge, that many of the incidents testified to are wholly uncorroborated and in many particulars highly exaggerated and highly incredible.

The trial judge properly admitted respondent's testimony relative to libellant's conduct with other women within the two year period. See *Com. ex rel. Cartmell v. Cartmell,* 164 Pa. Superior Ct. 108, 63 A. 2d 691. However, such evidence fell short of the proposed purposes to prove indignities to the person of the respondent or to prove libellant's adulterous conduct, thereby changing a desertion without cause to a desertion with cause.

Decree affirmed.