## Boughter v. Boughter, Appellant.

Submitted April 19, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Joseph Nissley, Walter R. Sohn, Braddock & Sohn* and *Victor Braddock,* for appellant, submitted a brief.

*George Kunkel,* for appellee, submitted a brief.

OPINION BY DITHRICH, J., July 15, 1949:

Respondent, in an unwarranted and unprovoked fit of jealousy, left the common domicile of herself and husband on Chambers Hill Road, R. D. No. 1, Harrisburg, Pennsylvania, on December 16, 1944. They were married November 26, 1940, and had resided there since December of 1941. There was a difference of four years in their ages, he being 48 and she 52. No children were born of the marriage. Respondent had children by a former marriage.

Libellant, who is business agent for the Harrisburg Local of the Iron Workers Union, had attended a business meeting in Williamsport in the evening of December 14, and the following day went deer hunting. Due to motor trouble he was not able to return home that evening, and when he did return the following day—Sunday—respondent had her clothes packed and was ready to leave. She accused libellant of "running around" with another woman, said he had not been deer hunting, and that she had received an anonymous tele-

phone call from someone stating that if she would go to a certain designated street corner in Williamsport she would see her husband there with another woman. "She did not give me a chance to explain what happened and why I did not get home. . . . She said 'I am leaving for good' and she deliberately left and . . . went away." The following day she went before an alderman and swore out a warrant charging libellant with nonsupport.

On November 4, 1946, he filed his libel for divorce charging desertion. Respondent answered, denying the charge. A master was appointed and he recommended that the prayer of the libellant be granted. Exceptions to the master's report were dismissed and a decree entered. The master, in his report, correctly stated that: "The uncontradicted testimony . . . is . . . that the respondent withdrew from the common domicile of the parties . . . so that the only question to be considered is whether or not the leaving of the common home by the respondent was under such circumstances as to amount to desertion." It was his opinion "that the wife was responsible for the breaking off of the cohabitation between the parties."

The learned court below, in an opinion by WOODSIDE, J., dismissing the exceptions, said: "The crux of the case is that the wife by her own admission had packed to leave before her husband arrived home from his trip. This negatives the contention that she left because he ordered her out or because she feared him. Her witness and daughter-in-law testified that 'until December 16, 1944 (the day of separation) he treated his wife all right . . . they seemed to get along well just before Elsie (the wife) left,' and the wife herself testified that she did not 'know' he was running around with 'other women' until she received the telephone call from Williamsport. From her own testimony it is necessary to conclude that without previous information of any kind concerning any misconduct of her husband she prepared to desert him on the basis of an anonymous telephone

call that he could be seen on a public street with a woman. She was not justified in leaving her husband for this. Nor did she offer any other convincing evidence to show that she was justified in leaving him."

In *Thomas v. Thomas,* 133 Pa. Superior Ct. 12, 14, 1 A. 2d. 686, this Court said: "There having been a separation for the required statutory period proved by libellant, the burden was on respondent to prove by competent evidence consent or a reasonable cause for her action"; and "Only such cause as would itself warrant a divorce is a reasonable cause: Rosa v. Rosa, 95 Pa. Superior Ct. 415": *Bates v. Bates,* 153 Pa. Superior Ct. 133, 136, 33 A. 2d 281. See, also, *Jones v. Jones,* 160 Pa. Superior Ct. 358, 51 A. 2d 521; *Keller v. Keller,* 160 Pa. Superior Ct. 480, 52 A. 2d 373. In the latter case we said, page 483—and it is apposite here—: "We have not failed to give consideration to the fact that respondent had obtained a nonsupport order against libellant, but this would not prevent him from securing a divorce on the ground of desertion upon proper cause shown. [Citing cases.]"

In *Smith v. Smith,* 157 Pa. Superior Ct. 582, 583, 584, 43 A. 2d 371, we said: "Although we are not concluded by a master's findings upon credibility, his judgment upon that vital factor is entitled to the fullest consideration, Lyons v. Lyons, 116 Pa. Superior Ct. 385, 176 A. 792, and especially in a contested case."

Giving full consideration to the findings of the master, especially as to credibility, and to the action of the court below, we conclude, after an independent review of the entire record, such as we are required to make, that the respondent failed to meet the burden placed upon her of showing that she had reasonable cause for leaving the common domicile. To the contrary, the weight of the credible evidence is clearly with the libellant.

Decree affirmed.