Submitted November 21, 1949.
In this action brought by a husband for a divorce on the ground of desertion, the master who heard the case recommended that the divorce be granted. Exceptions to his report were dismissed and a decree in divorce entered by the court below, and the wife took this appeal.
The libel was filed on September 24, 1947. The parties were married on April 8, 1917 and resided together until January 11, 1932, when the wife left the common abode, taking with her the five children born *Page 221 
to the couple. It is admitted that she has not returned to the residence of her husband, that she has never offered to return to it or to resume marital relations and that she has made no overtures for reconciliation.
"In actions for divorce on the ground of desertion it is not necessary ordinarily to prove actual malice. `If the desertion is intentional, it is willful. If willful, malicious.' Hedderson v. Hedderson, 35 Pa. Super. 629, 631; Ogram v. Ogram, 162 Pa. Super. 266, 268, 57 A.2d 577. Malice may be inferred from the circumstances, and is presumed where the other elements appear." Rebar v. Rebar, 165 Pa. Super. 341,344, 67 A.2d 598, 599.
There having been admittedly a separation for the required statutory period, the burden was on the respondent to prove consent or a reasonable cause for her withdrawing from the matrimonial domicile. Mertz v. Mertz, 119 Pa. Super. 538,180 A. 708. She does not contend that the separation was consentable but contends that she had reasonable cause for leaving the common habitation. The "reasonable cause" which is justification for husband or wife in quitting and abandoning the other, is that and only that which would entitle the separating party to a divorce. Thomas v. Thomas, 133 Pa. Super. 12,14, 1 A.2d 686; Darrall v. Darrall, 164 Pa. Super. 113,63 A.2d 693; Boughter v. Boughter, 164 Pa. Super. 574,67 A.2d 812.
As the basis for her leaving the home, the respondent testified that the libellant was unduly friendly with a Mrs. Fronheiser, that he had an "ungovernable temper, he didn't know how to correct the children, he used every method but the right method"; that he called her and the children names, and finally that she left on January 11, 1932 because there was no fuel or food in the house. The respondent's testimony is so exaggerated that it would not be credible even if it were undenied. *Page 222 
She testified as follows: "Q. How often between 1924 and January 11, 1932, do you know that your husband spent time with Mrs. Fronheiser? A. Every evening. . . . Q. And was that during that whole period of time? A. Yes. . . . Q. Was there any other source of trouble besides Mrs. Fronheiser, Mrs. Dougherty, between 1924 and 1932? A. No. I think he had an ungovernable temper, he didn't know how to correct the children, he used every method but the right method. . . . Q. What would he say and what would he do? A. Shall I use the language he used? Q. Yes. A. `You goddam son-of-a-bitch of a bastard', and `Those bastards are going right out with you, they are nothing but sewer rats. They are nothing but sewer rats, and that is all you ever were'. Q. How often did he use that kind of language? A. That happened two or three times a day. Q. Was that a daily occurrence? A. That was a daily occurrence very often. Q. From the period of 1924 to January 11, 1932? A. Exactly so. . . . Q. Did your husband supply food and fuel for your household during the last year before you left? A. No. Q. Not at all? A. No."
In denying the respondent's charges, the libellant testified that he first met Mrs. Fronheiser in the latter part of 1934, nearly three years after the separation and in this he was corroborated by Mrs. Fronheiser. He testified that he and the respondent "had our family spats" but no "real serious troubles outside of nagging, perhaps, and some arguments". In answer to the testimony "that there was no fuel in the house," he testified: "At all times there was fuel there, because I lived there myself."
While the recommendations of a master in a divorce case are advisory only and not controlling on the court below or on us, they should not be lightly disregarded. Briggs v. Briggs,145 Pa. Super. 460, 21 A.2d 415; Clark v. Clark, 160 Pa. Super. 562,52 A.2d 351; Sobotowich v. Sobotowich,165 Pa. Super. 60, *Page 223 67 A.2d 637. We have reviewed the record, as we are required to do, and it is our independent conclusion that the testimony is sufficient to show that the respondent wife wilfully and maliciously deserted her husband for the statutory period without a reasonable cause.
Decree affirmed.