Procopio *v.* Procopio, Appellant.

Argued October 1, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Raymond J. Porreca,* for appellant.

*James Dessen,* for appellee.

OPINION BY ROSS, J., November 11, 1953:

In this divorce action, brought by husband against wife on the ground of desertion, the master who heard

the case recommended that a decree of divorce be granted, the court below granted the divorce, and the wife has appealed to this Court.

The parties to this action were married in Philadelphia on September 10, 1944. It was the second marriage for each, the plaintiff's first wife having died in 1931, and the defendant having been married to plaintiff's brother who died in 1934. At the time of the hearing the plaintiff was 64 years of age and the defendant 54 or 55. No children were born of this marriage. Plaintiff had three daughters of his first marriage and defendant also had three children by her first husband.

Before the marriage the plaintiff lived in a rented house at 1708 South 54th Street in Philadelphia with his daughters Catherine and Edith. After the marriage of plaintiff and defendant, Catherine married and moved out but Edith, whose husband was in the military service and overseas, remained. After the marriage the defendant came to the South 54th Street residence, bringing with her a daughter and a son. About the time of the marriage, plaintiff's daughter Catherine purchased the residence and thereafter the plaintiff paid to her a rental equal to "the building and loan and necessary repairs".

The plaintiff continues to live in the marital property and defendant admits that she left on July 11, 1949 and has never returned. Thus, having lived apart from her husband for the required statutory period, the burden was upon defendant to prove consent or a reasonable cause for her withdrawal from the matrimonial domicile. *Mertz v. Mertz,* 119 Pa. Superior Ct. 538, 180 A. 708; *Sacks v. Sacks,* 172 Pa. Superior Ct. 543, 94 A. 2d 147. The "reasonable cause" which is justification for husband or wife in quitting and abandoning the other, is that and only that which would

entitle the separating party to a divorce. *Boughter v. Boughter,* 164 Pa. Superior Ct. 574, 67 A. 2d 812; *Darrall v. Darrall,* 164 Pa. Superior Ct. 113, 63 A. 2d 693.

The defendant testified that she and the plaintiff "got along swell for four or five months" after their marriage in 1944. After that time, however, "everything changed" because the plaintiff failed to keep a premarital promise to "have the deeds changed, the title changed, and put his name and my name on the deed" to the South 54th Street property.

After her marriage to the plaintiff, defendant sold her former home. She complained that the plaintiff "started picking on me that I should buy the coal" for the house and that she did pay half or "maybe more" of the price of the coal. She complained that her husband gave her only $35 a week to run the house. It appeared, however, that the plaintiff made only $38.40 a week and that the children of the respective parties contributed money to the support of the house.

Another of the defendant's complaints is that in the spring of 1949 the plaintiff went out without her upon occasion. She stated that he went out on Saturday afternoons and returned at 11:30 or 12 o'clock the same evening. The defendant did not know where he went on these occasions although there is no allegation of misconduct.

The defendant's principal complaint concerns a five-week period immediately preceding her departure from the matrimonial domicile, during which period, according to her testimony, the plaintiff did not speak to her.

When asked what impelled her to leave the plaintiff, the defendant stated at one point in the record: "I left because he just had me for a servant." This reason is not particularly convincing, however, when

considered against an earlier statement by defendant to the effect that certain "friendly periods" of her married life would end when plaintiff "would want me to do something around the house and he would start picking on me and I said, 'The house isn't mine, why should I fix it?' "

It is clear that defendant's testimony, even if accepted at face value, does not disclose circumstances which would entitle her to a divorce if she were plaintiff. We agree with the learned court below that "At best, assuming all of defendant's testimony and that of her witnesses to be true, she has not shown grounds that would have entitled her to a divorce from plaintiff at the time of her desertion."

The defendant contends that plaintiff consented to the separation, her argument being that consent is to be found in the circumstance that plaintiff made no attempt to induce defendant to return to him. This argument is without force. "Mere silence does not establish consent. The respondent having withdrawn from the home it was not incumbent upon the libellant to seek a reconciliation nor to ask the wife to return. To the contrary it is the duty of a deserting wife to seek an appeasement and until this has been done consent to the separation is not established. Ward v. Ward, 117 Pa. Superior Ct. 125, 177 A. 515": *Ewing v. Ewing,* 140 Pa. Superior Ct. 448, 452, 14 A. 2d 149; *Hochberg v. Hochberg,* 166 Pa. Superior Ct. 306, 70 A. 2d 864.

In our opinion, the defendant has failed to meet the burden of proving that her separation was either consensual or justifiable, and consequently the plaintiff is entitled to a divorce on the ground of desertion.

Decree affirmed.