Rosen *v.* Rosen, Appellant.

Argued September 28, 1956. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, and GUNTHER, JJ., absent).

*Joseph Matusow*, with him *Samuel J. Marks*, for appellant.

*Colbert C. McClain*, with him *John J. King*, for appellee.

OPINION BY CARR, J., December 28, 1956:

A complaint in divorce was filed by the wife, Katherine Rosen, on the grounds of indignities to her person. The master appointed to hear the testimony recommended that a decree in divorce be granted and the court below entered a final decree after dismissing exceptions to the master's report. It is from this decree that the defendant appeals, contending that the plaintiff's testimony was incoherent, contradictory, not corroborated by witnesses and not worthy of belief.

Both parties were born in Russia, the wife on April 5, 1905 and the husband on March 28, 1902. She is a citizen of the United States, having come to the city of Philadelphia, Pennsylvania when only two and one-half years old, but he is not a United States citizen although he has been a resident of Philadelphia since 1925.

The appellee is in the hotel business, owning, leasing, operating and managing hotels in Philadelphia, Pennsylvania and Atlantic City, New Jersey.

Prior to the marriage, appellant was a pants maker, jewelry salesman and a room-clerk in hotels owned by Mrs. Rosen. He was so employed at the time of the marriage and continued to work for her after the marriage.

It would serve no useful purpose to set forth in detail the testimony, spread over 818 typewritten pages, which we have examined carefully as we are required to do. Suffice it to say that seldom is as much extremely vulgar, obscene and filthy language put into a record. In addition to the use of such language toward her, the appellee testified that the appellant abused her physically on numerous occasions, gambled and drank excessively.

The only question involved is the credibility of the witnesses. Appellant does not contend that the evidence is not sufficient to sustain the decree if the testimony of the wife and her witnesses is believed.

In addition to testifying in person, each of the parties called nine witnesses. Essentially the wife and her witnesses testified to numerous instances of the use of vile and abusive language and other conduct on the part of her husband, both when they were alone and in the presence of others, continuing over a period of several years, which made her condition intolerable

and life burdensome. The husband's testimony constituted a general denial of the accusations. His witnesses simply said that they had no knowledge of such conduct on his part.

A careful reading of the testimony leads us to the conclusion that the essential elements of the wife's testimony are true and sufficiently corroborated by her witnesses.

While it is our duty to examine the evidence de novo and we are not concluded by the master's findings, his judgment upon the question of credibility is entitled to the fullest consideration. This is especially true when his report, as in this case at bar, presents a searching analysis of the testimony. *Boyles v. Boyles,* 179 Pa. Superior Ct. 184, 116 A. 2d 248.

The learned court below in a well written opinion quoted the following excerpt from the lengthy and considered report of the master, "The testimony of the Plaintiff and that of the Defendant is so clearly contradictory that the Master must conclude one of them is not telling the truth.

The testimony of the Plaintiff on the essential elements of her story is corroborated by her son, a divinity student, by her brother, a doctor, both of whom were, of course, prejudiced in her favor, and by other witnesses who were clearly disinterested.

The Master has had the opportunity to observe the manner of the witnesses as they testified. He is convinced that, with due allowance for the Plaintiff's physical condition and the prejudices and animosities that clearly exist between the parties, the Plaintiff has told the truth about the alleged indignities and that the testimony of the Defendant with reference thereto is not true.

He has come to this conclusion without relying on any of the testimony as to which specific objection was made at the time of the hearings, completely eliminating from his consideration all disputed testimony. There is no doubt whatever in the Master's mind that the Plaintiff was in fact the innocent and injured spouse, and that the Defendant continuously inflicted indignities upon her that caused her condition to be intolerable and life burdensome."

We have reached the same conclusion.

Decree affirmed.