DiNunzio *v.* DiNunzio, Appellant.

Argued October 2, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William R. Cooper,* with him *William P. Manning, Jr.,* for appellant.

*Jules Pearlstine,* for appellee.

OPINION BY WATKINS, J., January 21, 1958:

This is an appeal from an order of the Court of Common Pleas of Montgomery County, dismissing the exceptions filed by the appellant husband to a decree in divorce on the ground of desertion.

The parties were married on June 24, 1917. Ida DiNunzio, the appellee, is 54 years of age and Federico DiNunzio, the appellant, is 65. There are four children born of this marriage, all of whom are adults and living away from their parents. The wife emigrated from Italy with her father when she was two years old and resided in the Borough of Ambler, Pennsylvania, until her marriage in 1917. The husband came to the United States from Italy at the age of sixteen. They lived and resided together in and around the Ambler-Lansdale area until August 10, 1948.

This action in divorce was instituted on the grounds of desertion and indignities to the person. The master who heard the testimony concluded that although the husband did commit indignities to the person of his wife during the 31 years of their marriage, the same occurred with such infrequency that they failed to constitute such a course of conduct as to warrant the granting of a divorce on that ground. He recommended a divorce on the ground of desertion.

The record shows that until 1941, when their two sons entered the army, the parties were relatively happily married; that at this time the appellant resented the payment of monthly allotments by the sons to the mother, which she refused to turn over to the appellant; that as a result of this resentment, there were bitter arguments and the appellant refused to provide sufficient funds for the support of the family; that this caused repeated arguments and intensified bitterness as time passed; that there was ugly dissension over the purchase of property, the payment of mortgage installments, and other family financial problems; so that, finally on August 10, 1948 the appellant moved from their home to a room in the rear of his store on Main Street, Lansdale, and since that time the parties have not lived and cohabited together.

This appeal is based on the argument that although there was clearly a separation from the time alleged, it was not willful and malicious, but instigated, encouraged and consented to by the appellee.

A careful examination of the record, which is largely an effort to prove indignities to the person, results in finding that if appellant had any complaint whatever against his wife, it was disagreements about financial matters and what he called "nagging", as a result of these arguments. As the burden was on him to prove consent or a reasonable cause for withdrawing

from the marital domicile, where there has been, as here, a separation for the required period, we agree with the court below that he has failed to sustain his burden: *Procopio v. Procopio,* 174 Pa. Superior Ct. 157, 100 A. 2d 115 (1953).

If the record in this case was insufficient to establish, by a preponderance of the evidence, the ground of indignities to the person, against the wife, it certainly does not sustain the burden of the appellant to prove, by a preponderance of the evidence, a reasonable cause that would justify his desertion.

The question of whether the desertion was suggested, encouraged and consented to by the appellee must be determined from the conflicting testimony of the witnesses. The opinion of Judge FORREST in the court below sums up the question of consent as follows: "The main contention of the defendant is that the evidence discloses that plaintiff consented to his withdrawal from the marital domicile. There is some vague, uncorroborated testimony to the effect that the plaintiff and her daughter told defendant to get out of the house. This was denied by the daughter. The dates and circumstances under which the plaintiff supposedly made such statements were not developed by the defendant. In a particular case, the question might be whether the defendant paid any attention to such statements. Ogram v. Ogram, 162 Pa. Super. 266 (1948). Thus, it has been said: 'Assuming the (plaintiff) on occasions urged (her husband) to leave their home, it is apparent (he) considered such statements meaningless . . . If made, those statements did not initiate the separation nor have the slightest effect on its consummation. It is manifest financial difficulties spawned the marital troubles of this couple and motivated their separation.' Hochberg v. Hochberg, 166 Pa. Superior Ct. 306, 309 (1950). In this case, the master failed

to find that statements urging or consenting to a separation were made by the plaintiff. This matter involves a question of credibility of witnesses on conflicting testimony, and after a careful study of the testimony we are of the opinion that the Master correctly resolved the issue. Defendant had the burden of proving plaintiff's consent to his withdrawal from the marital domicile. He failed to do so. Instead, he proved that he and his wife argued about the management of the jointly owned real estate and that his real reason for leaving was to get away from her nagging."

It is the duty of this Court to examine the evidence de novo, but certainly the master's findings and judgment upon the question of credibility are entitled to the fullest consideration: *Boyer v. Boyer,* 183 Pa. Superior Ct. 260, 130 A. 2d 265 (1957). We agree with the master and the court below that the record failed to establish by the preponderance of the evidence that the appellee suggested, encouraged and consented to the desertion.

A desertion without consent and without sufficient legal cause is presumed to be willful and malicious, especially where the separation is admitted and persisted in for a period of two years or more and entitled the innocent and injured spouse to a divorce: *Ogram v. Ogram,* 162 Pa. Superior Ct. 266, 57 A. 2d 577 (1948).

Since the desertion must be persisted in for two years, it follows that if within that period, the guilty party, in good faith offers to return, the desertion is broken and the cause for divorce does not accrue: *McNally v. McNally,* 176 Pa. Superior Ct. 494, 108 A. 2d 839 (1954).

In the two instances claimed by the appellant to be efforts of reconciliation, the testimony of the appellant and one of his witnesses was to the effect that the re-

quest for return came in September, 1951, after the two year period had passed. It is true that later he tried to change his testimony to put it within the two year period but he was not corroborated by either of his witnesses. We do not believe that his testimony under these circumstances was credible and the master so found.

Decree affirmed.