MacDonnell *v.* MacDonnell, Appellant.

Argued June 10, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Joseph A. Keough,* with him *Fronefield Crawford,* for appellant.

*Arnold M. Snyder,* with him *Snyder & Snyder,* for appellee.

Opinion by WATKINS, J., September 16, 1959:

This is an appeal from the decree of the Court of Common Pleas of Delaware County granting a divorce in favor of Theodore R. MacDonnell, the appellee husband, and against Beatrice Beekley Bell MacDonnell, the appellant wife, on the ground of desertion.

The parties were married on June 24, 1950. There are two children of the marriage, Terry Rae Lynn, born January 26, 1951 and Jacqueline Lee, born January 27, 1952. They presently reside with the wife at 2539 S. Shields Street, Philadelphia, Pennsylvania and are voluntarily supported by the husband. The husband at the time of the hearing was 38 years of age, the wife 39. The husband was, at the time of his marriage and continued so to be, a professional soldier and under orders to be moved from place to place. The wife is a housewife and had full knowledge of her husband's occupation at the time of the marriage and the attendant uncertainty of the location of the marital domicile.

Except for the first year of the marriage, the wife has lived with her parents at 2539 S. Shields Street, Philadelphia, Pa. The only time they lived together in their own home was in Denver, Colorado, when he was assigned to an army post at that city, during the first year of the marriage. It was there that the first child was born and they remained together until June 6, 1951 at which time the wife left her husband to go East to visit her parents. There is no question but that this separation was by mutual consent. They never lived together thereafter. The record is replete with evidence of the repeated attempts throughout the years, by the husband, to persuade his wife to join him at the various posts to which he was assigned in this country and abroad. The record clearly supports Judge ALLEN S.

OLMSTED, of the court below, where he says, "We, too, find on the evidence that he made repeated bona fide efforts to provide a home for her and their children, both in this country and abroad, and that she rejected them."

In this case the master's report is so thorough and so well written that it explains the brevity of the opinion of the court below and so impresses this Court that it is difficult to improve upon the clarity of his findings. The only question in this case is whether the original separation, which was admittedly by mutual consent, ripened into wilful and malicious desertion when the wife refused to return to him after numerous bona fide offers by the husband. The testimony of the parties is diametrically opposed, as the wife contends that she was always ready and willing to return to live with her husband if he provided living accommodations for her. This raises a pure question of credibility and the master resolved this question on the basis of the testimony of the witnesses and the documentary evidence introduced by the husband as to the proferred accommodations, by his belief of the husband. The court below accepted his judgment as to credibility and we do also. *Rosen v. Rosen,* 183 Pa. Superior Ct. 103, 128 A. 2d 111 (1956).

The record clearly shows that after the birth of the second child on January 27, 1952, that the husband did, in fact, do everything possible to provide a family home. From the wife's own testimony, as of August 16, 1952, it is apparent that she did not intend to live with her husband under any circumstances. From that time on she did not live with him and from that time on and prior thereto there have been no sexual relations between the parties. It is uncontradicted that the wife had no reason to refuse to live with the husband. " 'The "reasonable cause" which is justification for husband or wife in quitting and abandoning the other, is that,

and only that, which would entitle the separating party to a divorce.' " *Boyles v. Boyles,* 179 Pa. Superior Ct. 184, 116 A. 2d 248 (1955).

The husband in this action claims the running of the statute from the time of the ending of the separation by mutual consent, so that the burden of justifying her remaining away from the marital domicile shifted to the wife. *White v. White,* 185 Pa. Superior Ct. 141, 138 A. 2d 162 (1958). See also: *Jones v. Jones,* 189 Pa. Superior Ct. 461 (1959). The burden here is clearly on the wife to prove consent or reasonable cause for withdrawing. *Totino v. Totino,* 176 Pa. Superior Ct. 108, 106 A. 2d 881 (1954). There is nothing in this testimony to support a contention that the reason for her failure to live with her husband was a cause that would entitle her to a divorce, so that the only question remaining is whether the separation is by mutual consent, express or implied. We have held that where the wife withdrew from the home of the husband it was not incumbent upon him to seek a reconciliation or to ask her to return. To the contrary we have held it is the duty of the deserting wife to seek an appeasement and until this has been done consent to the separation has not been established. *Hochberg v. Hochberg,* 166 Pa. Superior Ct. 306, 70 A. 2d 864 (1950) ; *DiNunzio v. DiNunzio,* 185 Pa. Superior Ct. 106, 138 A. 2d 212 (1958) ; *Colin v. Colin,* 190 Pa. Superior Ct. 125 (1959).

Here, however, the husband constantly, even to a time subsequent to the institution of this action in divorce, sought to have his wife join him, to no avail. We agree with the court below that as of August 16, 1952, the separation by the wife was without reasonable cause or legal justification and therefore amounted to a wilful and malicious desertion. The usual rule that the husband's choice of a home, according to his means, is controlling and the wife must abide by his decision

and live with him, *Sacks v. Sacks,* 172 Pa. Superior Ct. 543, 94 A. 2d 147 (1953), applies with greater force to our present situation because the husband here had little choice as to the location of the home because of his profession and the wife had full knowledge of the necessities of the situation.

Decree affirmed.