Popovic *v.* Popovic, Appellant.

Argued April 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Marcella R. McNanamy,* for appellant.

*Harry S. Kalson,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1961:

This is an appeal from a decree granting a divorce a.v.m. in favor of Thomas A. Popovic against Ann Marie Popovic on the grounds of desertion. The parties were married September 5, 1953. There was one daughter born of the marriage.

The appellee is a career enlisted serviceman in the United States Navy, having enlisted in 1947. He is assigned to a ship which spends approximately six months of each year at sea.

In 1956, while residing in Boston, which at the time was the home port of the appellee's ship, the appellant, in the ninth month of her pregnancy developed a severe nervous and emotional condition. Appellee brought appellant to the home of her parents in Pittsburgh from whence she was admitted to St. Francis Hospital under the care of Dr. Raymond L. Rau, a neuropsychiatrist.

On August 5, 1956 she was discharged from the hospital with an arrangement that she would undergo regular psychotherapy treatments administered by Dr. Rau at his office. The appellee, through the intervention of Dr. Rau and the American Red Cross, secured an emergency transfer for a six months period to Pittsburgh so that he could be near his wife during her

convalescent period. After the six months emergency transfer expired, appellee was transferred back to his ship and was based in Newport, Rhode Island. Appellant stayed in Pittsburgh allegedly on the advice of Dr. Rau, in order to be near her family and her husband's family for such help as her condition might require and particularly because her husband would be at sea much of the time. Her condition indicates residuals of schizophrenic reaction with periods of depression and she suffers also from hydrops of the labyrinth and cochlea resulting in considerable impairment of hearing.

The appellee made several requests for the appellant to join him and designated the date of August 15, 1957 as the time appellant definitely refused to make a home with him. Early in 1958, plaintiff again requested the defendant to make a home with him, and actually, on one of his trips to Pittsburgh, persuaded her to accompany him back to Rhode Island to look at prospective living quarters. She remained in Rhode Island for approximately one week during which she and her baby daughter were guests in the home of friends of the appellee. It is apparent that appellee thought he could persuade her to stay and make a home with him in Rhode Island as he at that time made application through military channels for government transportation of his household goods. However, at appellant's insistence, appellee brought his wife back to Pittsburgh.

The appellee, on November 5, 1958 filed a complaint in divorce, charging indignities, which complaint was amended on February 13, 1959 to include a count of desertion. A hearing was held on September 19, 1959 and on December 7, 1959 a decree of divorce was granted on the grounds of desertion. Upon petition of the appellant, the decree was reopened allowing appellant to make a defense to the alleged desertion, and further testimony was taken. On June 29, 1960 an order was

entered by the court sustaining the original decree in divorce.

Under our statutory law an innocent and injured spouse may obtain a divorce from the bond of matrimony whenever it shall be judged that the other spouse has committed wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without reasonable cause, for and during the term and space of two years. Act of May 2, 1929, P. L. 1237, §10, as amended, 23 P.S. §10.

It is the duty of a wife to live with her husband in any home provided by him which is reasonably suitable according to his means. *Holt v. Holt,* 170 Pa. Superior Ct. 547, 87 A. 2d 790; *Pfeiffer v. Pfeiffer,* 154 Pa. Superior Ct. 154, 35 A. 2d 551. Where the wife fails to comply with this duty she is guilty of desertion. *Greer v. Greer,* 178 Pa. Superior Ct. 643, 115 A. 2d 794; *Ruf v. Ruf,* 168 Pa. Superior Ct. 632, 82 A. 2d 280.

The appellant attempts to justify her refusal to reside with the plaintiff at the location of his naval station on the basis of her illness, particularly on the testimony of Dr. Rau who recommended that the defendant reside in Pittsburgh near her family.

Alleged illness cannot be used as a mere excuse for a wife's withdrawal from habitation and cessation of marital relations. *Merlino v. Merlino,* 164 Pa. Superior Ct. 622, 67 A. 2d 635. There are many cases in which this Court has recognized that ill health both explains and excuses a wife's conduct and that the acts of a spouse resulting from ill health do not furnish a ground for divorce. *Braun v. Braun,* 186 Pa. Superior Ct. 260, 142 A. 2d 361; *Fawcett v. Fawcett,* 159 Pa. Superior Ct. 185, 48 A. 2d 23. These cases were concerned with situations in which the issue was whether the emotionally erratic, antagonistic and seemingly unreasonable conduct of a spouse resulting from physical or mental disabilities constituted indignities to the per-

son or other grounds for divorce. The decision in each case was contingent upon the sufficiency of medical evidence to establish that the conduct in question definitely was caused by illness.

The instant case is readily distinguishable, as it is clearly shown in the record that the wife's refusal to reside with her husband is not an emotional disturbance resulting from her infirmity but rather stems from her desire to be near her family in the event that she requires help. Dr. Rau's own testimony indicated that the appellant was greatly improved and that another doctor could continue appellant's treatment. We therefore can see no necessity for the continuance of the appellant's refusal to make a home with her husband. She did not live with her parents in Pittsburgh, but only in the same vicinity. Apparently she was capable of getting along without assistance most of the time. Such assistance and possibly hospitalization might be needed in case of any relapse but no prognosis for this is shown by appellant's doctor. Nevertheless, any help needed would be as convenient at a naval installation as it would be in Pittsburgh. The high quality and magnitude of medical facilities and care available to dependents of servicemen is a recognized fact.

It has been held that where husband and wife had separated by mutual consent, but subsequently, husband did everything possible to provide a family home but the wife would not live with the husband under any circumstances, separation by wife was without reasonable cause or legal justification and amounted to wilful and malicious desertion. Reasonable cause which is justification for a husband or wife quitting or abandoning the other, is that, and only that, which would entitle the separating party to a divorce. *MacDonnell v. MacDonnell*, 190 Pa. Superior Ct. 397, 154 A. 2d 267; *Boyles v. Boyles*, 179 Pa. Superior Ct. 184, 116 A. 2d 248.

In *Jablonski v. Jablonski*, 397 Pa. 452, 155 A. 2d 614, it was held that it is necessary for the plaintiff, in order to establish desertion as a ground for divorce, to show that the withdrawal from the domicile was both wilful and malicious and was persisted in for the required statutory period without reasonable cause; then if the defendant produces testimony showing consent of the plaintiff to the withdrawal, this evidence may or may not overcome the plaintiff's evidence of wilfulness and maliciousness in the mind of the fact finder. The burden is upon the plaintiff to establish the desertion by clear and convincing evidence.

It is our opinion that the plaintiff-appellee in the instant case met this burden. His testimony was fully corroborated by his mother and substantiated by such facts as the trip to Rhode Island and the application for military transportation. The burden then shifts to the defendant-appellant to prove consent to the withdrawal. At the first hearing she had no corroborating witnesses. Upon rehearing, after the decree was granted, she presented two witnesses; her mother, whose testimony was of little value except to reaffirm the fact that the appellee originally solicited her assistance when his wife became ill, and Dr. Rau, who testified as to the diagnosis and treatment of the appellant's illness, but failed to establish any necessity for her continued refusal to live with her husband.

While it is true that the appellee brought his wife back to Pittsburgh to her parents' home during her period of illness and that subsequently the parties were separated from each other from time to time so that the original separation possibly may be considered as consensual, we agree with the court below that as of August 15, 1957 the separation by the wife was without reasonable cause or legal justification and therefore amounted to wilful and malicious desertion.

Appellant's allegations that the appellee was not the injured and innocent spouse are without merit. His purchase of a supposedly unnecessary automobile is irrelevant and the statements attributed to him that he could not get along with his wife and wanted a divorce seem only a natural consequence of the appellant's continued refusal to live with him.

In our opinion, the appellant has failed to meet the burden of proving that her separation was either consensual or justifiable and consequently the appellee is entitled to a divorce on the ground of desertion.

Decree affirmed.