## Hensel *v.* Hensel, Appellant.

Argued June 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

614

*George K. Hanna,* with him *Hanna and Hanna,* for appellant.

*Robert L. Ceisler,* for appellee.

OPINION BY ERVIN, J., September 13, 1962:

This is an appeal from a decree granting a divorce a.v.m. to William B. Hensel against Ruth Louise Hensel on the grounds of indignities to the person and desertion.

The parties were married July 21, 1931. At the time of the hearing the husband was 48 years of age and the wife 51 years of age. Two daughters were born to the marriage, both of whom are over 21 years of age, married and self-supporting. Their marriage was kept a secret for approximately ten years because the wife was a school teacher and under the local district rule in effect at that time, married women were not eligible to teach school. In order to protect her position she insisted that the marriage be kept a secret and represented herself to the school authorities and the public as an unmarried woman. It was not until after the teachers' tenure act was passed that she revealed that she was married and the mother of two children.

Following the marriage the husband resided at the home of his parents at Hickory, Washington County, Pennsylvania, and the defendant resided with her parents at Sturgeon or Burgettstown, Washington County, Pennsylvania. Sometime in 1941 the parties began living together at 131 Arabella Street, McDonald, Washington County, Pennsylvania, and in the spring of 1942 the husband entered the military service of the United States Government and is presently in that service, having risen to the rank of captain. By what was apparently an agreed arrangement, she had him arrested for desertion and nonsupport in April of 1942, just prior to his entry into the military service. An order of support in the amount of $50.00 per month was made at that time. She testified that she had him arrested for desertion and nonsupport because "she wanted him with her" but as stated by the court below, "It is a matter of common knowledge that at that time such orders were easily obtained in order to secure the government allotments and allowances." In the early stages of the war, there were no mandatory allotments provided for enlisted men.

While the court below granted the divorce on the grounds of indignities to the person and desertion, we deem it unnecessary to discuss the cause of indignities and will confine our discussion to the cause of desertion.

It is apparent from the record that the parties lived together only a very short time, although they have been married for over 30 years. The parties admittedly have not lived together since April 24 or 25, 1942, at which time the defendant left the home in which the parties were living and went to Sturgeon, Pennsylvania, her parents' home, taking with her the children. Since joining the army the husband has made a number of requests that the wife join him at various places where he was stationed in this country and in Japan.

The defendant never did join her husband. It is clear from the record that the husband intended to make a career of the army and, so far as we can ascertain from this record, there was no good reason why the wife should not have complied with her husband's request to join him. As an officer his pay and the quarters supplied would have been adequate and certainly it would have made for a more normal married life of these parties.

When a defendant leaves a home, the burden falls upon her to prove a reasonable cause for her withdrawal from the matrimonial domicile. A reasonable cause which would justify her separation is only that which would entitle her to a divorce: *Sacks v. Sacks,* 172 Pa. Superior Ct. 543, 94 A. 2d 147; *Procopio v. Procopio,* 174 Pa. Superior Ct. 157, 100 A. 2d 115; *White v. White,* 185 Pa. Superior Ct. 141, 138 A. 2d 162; *Danna v. Danna,* 187 Pa. Superior Ct. 129, 144 A. 2d 465; *Popovic v. Popovic,* 195 Pa. Superior Ct. 291, 171 A. 2d 608. The record shows that the wife did not seek an appeasement and a resumption of the marital domicile but on the contrary refused all invitations made by the husband to join him. Her excuse now is that he did not make his offers in good faith. The record is quite clear, however, that the husband not only instituted action through army channels to have her join him in Japan but that he continually followed up the situation to ascertain the reason for the delay in the arrival of his wife.

This case is quite similar to *Popovic v. Popovic,* supra, where we said, at page 294: "It is the duty of a wife to live with her husband in any home provided by him which is reasonably suitable according to his means." We also said: "Where the wife fails to comply with this duty she is guilty of desertion."

It is clear from a reading of the entire record that this wife intended to remain a school teacher and had

no real interest in joining her husband in a matrimonial domicile. It is significant that Donna Hensel Rence, a married daughter of the parties, strongly corroborated her father's testimony relative to the desertion. She testified that three or four days before the father left to go into the service, her mother had gathered up the children and took them to her mother's home in Sturgeon. Donna was quite disturbed because she thought she would not get a chance to see her father before he left for the service. However, her father came to her school, visited her and bade her goodbye. She also testified that her father and mother never lived together as husband and wife after her mother left the matrimonial home in McDonald. She also testified that when her father obtained leaves from the army and came home to visit, she had orders from her mother that the father was not to be permitted to come inside the house. The screen door was kept locked and she had to talk to her father through the screen door. She said her mother had a violent temper and would get angry if she disobeyed her orders.

We are convinced that the husband is entitled to a divorce on the ground of desertion.

The wife attempts to raise the affirmative defense of res judicata because an action for divorce instituted in Maryland by the husband in 1955 was dismissed. The record does not reveal why the action was dismissed. It might have been because of the failure to meet residential requirements. We have not been informed as to the law of Maryland. We do not even know whether desertion is a cause for divorce in that state and if it is, what must be proved in order to satisfy their requirements. Under the circumstances we cannot say that the defense of res judicata is a good one in this case.

Decree affirmed.