## Shore *v.* Shore, Appellant.

474

Argued June 13, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Erwin Miller,* for appellant.

*Stanley W. Bluestine,* with him *Samuel Diamond,* and *Bluestine, Diamond and Polsky,* for appellee.

OPINION BY WATKINS, J., September 12, 1963:

This is an appeal from the decree of the Court of Common Pleas No. 1 of Philadelphia County, granting a divorce a.v.m., to the plaintiff-appellee, Charles H. Shore, from the defendant-appellant, Mary Shore, on the ground of desertion; and dismissing exceptions filed to the master's report. Although the original com-

plaint alleges indignities as well as desertion, the plaintiff proceeded solely on the ground of desertion.

The parties were married on May 9, 1938 at Elkton, Maryland. The plaintiff was previously married to Anna Shore and divorced on May 6, 1938. The defendant was previously married to Samuel Firestone and divorced April 25, 1938. The plaintiff was born March 21, 1906; the defendant was born May 30, 1908. There were three children born of the marriage; Leroy, 25 years of age at the time of the hearing; Eileen Deena, 21 years of age at the time of the hearing; and Theodore born July 27, 1943. Leroy and Theodore are now married and have their own homes. Eileen was married but the marriage was annulled and she resides with her mother at 2201 South 5th Avenue, Arcadia, California.

The plaintiff is a registered pharmacist and has practised pharmacy for approximately 30 years in Pennsylvania. Prior to 1956 the parties owned premises at 19th and Christian Streets, Philadelphia, Pa., where they resided and where plaintiff operated a pharmacy. In 1956 the business became insolvent and the parties moved to Arcadia, California where they lived with her child by a prior marriage.

As he was fifty years of age it was difficult to find employment. He could not practise his profession in California. He obtained jobs as a janitor in the City of Hope hospital and earned money mowing lawns and as a night shift guard. He was very unhappy in California and on several occasions asked his wife to return with him to Pennsylvania where he could practise his profession. She refused to leave. As to specific requests, he made his first request on July 4, 1957 at which time he had been directed by his employer to clean up an overflowing cesspool which made him sick. Again on the night before his departure he asked her to leave California and return with him to Pennsyl-

vania but she again refused. The next morning, March 9, 1960, he left California and returned to Philadelphia. On his way he sent postal cards to his wife. In June or July of 1960 he testified that he telephoned his wife and requested her to join him in Philadelphia and offered to make a home for her. She again refused.

He presently resides at 2631 South Marshall Street, Philadelphia, Pa. She presently lives at 2201 South 5th Avenue, Arcadia, California, the home of a son, Arthur Firestone, by the former marriage. Her daughter Eileen lives with her. The plaintiff has returned to his profession and is presently employed as a pharmacist in Philadelphia.

The determination that the plaintiff made an unequivocal bona fide offer to the defendant after his return to Philadelphia, where he would provide a home for her, depends on credibility. The master indicated that he was impressed with the demeanor of the plaintiff. He found the defendant's testimony unworthy of belief due to evasiveness and inconsistency. As he said: "In order to accept defendant's version of the separation we must believe that plaintiff never mentioned his desire to return to Pennsylvania and renew the profession of a pharmacist; that without a word of warning or indication he left home, wife and children on a twenty-five hundred-mile journey; and that after twenty-two years of married life and after having raised several children to adulthood he made a quick decision, boarded a bus and left them all without a word. This the Master cannot do. After having had the opportunity to observe the parties and the witness for defendant, the Master is convinced of the plaintiff's credibility." The postal cards sent en route are inconsistent with a clandestine departure. Running all through this case is the real reason for the defendant's reluctance to return to Philadelphia and that is, her desire to remain in the fine surroundings of her

son's home rather than join her spouse as he struggles to regain his professional standing.

A desertion without consent and without sufficient legal cause is presumed to be willful and malicious. *Sfakianakis v. Sfakianakis*, 183 Pa. Superior Ct. 87, 127 A. 2d 746 (1956). It is a general principle that a husband may change his home if his business, his comfort or his convenience requires it. *Greer v. Greer*, 178 Pa. Superior Ct. 643, 115 A. 2d 794 (1955). See also: *Holt v. Holt*, 170 Pa. Superior Ct. 547, 87 A. 2d 790 (1952).

We have held that a decree may be supported by the testimony of the plaintiff alone, but if this testimony is contradicted and shaken by the defendant's testimony, and there are no convincing circumstances warranting a disregard of the contradictory evidence, a case has not been made out. *Burt v. Burt*, 194 Pa. Superior Ct. 34, 166 A. 2d 85 (1960); *Lee v. Lee*, 185 Pa. Superior Ct. 252, 137 A. 2d 827 (1958).

However, in this case, although it depends on the testimony of the plaintiff alone, the surrounding circumstances as above related so buttressed his testimony that we conclude it was not shaken and that we are warranted in disregarding the contradictory testimony as being untruthful. Without the benefit of observing the witnesses the record itself indicates her apparent untruthfulness in describing the kind of house in which she was living, as a "row house", when in fact the pictures of the home, which are a part of the record, disclose a California ranch home with a swimming pool.

In *MacDonnell v. MacDonnell*, 190 Pa. Superior Ct. 397, 154 A. 2d 267 (1959), where the husband was a professional soldier whose assignments to duty fixed the place where he could establish the family home, we held that numerous bona fide offers by the husband to establish a family home where there had been a separa-

tion by mutual consent and continuous refusal by the wife, ripened into a willful and malicious desertion. In the instant case, with credibility resolved in favor of the husband, we have a number of requests to this wife to join him in Philadelphia where he had re-established his professional position.

"The usual rule that the husband's choice of a home, according to his means, is controlling and the wife must abide by his decision and live with him, Sacks v. Sacks, 172 Pa. Superior Ct. 543, 94 A. 2d 147 (1953), applies with greater force to our present situation because the husband here had little choice as to the location of the home because of his profession and the wife had full knowledge of the necessities of the situation." *MacDonnell v. MacDonnell,* supra, at page 400. In our case the husband had little choice as to the location of his home because of his employment and the wife was apprised of the situation. The refusal of the wife to join her husband, persisted in for the statutory period, was without legal justification and amounted to willful and malicious desertion. *Rhine v. Rhine,* 192 Pa. Superior Ct. 146, 159 A. 2d 544 (1960).

Decree affirmed.